THE STATE OF KANSAS V. A. B. TREADWELL.

COMPETENCY OF JUROR — *Expression of Opinion.* Impressions or opinions, which are not of a fixed and positive character, received from rumor or newspaper statements, do not disqualify a juror who appears to be free from bias or prejudice, and whose mind is open to a fair consideration of the testimony to be offered.

*Appeal from Lyon District Court.*

THE facts appear in the opinion herein, filed January 5, 1895.

*J. Jay Buck,* for appellant:

1. The legislature in 1868 enacted what we call § 205 of the criminal code:

"It shall be a good cause of challenge to a juror, that he has formed or expressed an opinion on the issue or any material fact to be tried."

Our constitution and code, § 205, extend privileges to the the defendant. The code could not abridge them. The state will no doubt invoke the decision of this court in *The State v. Medlicott,* 9 Kas. 257, to sustain the court below. There is nothing in the opinion to justify the rulings here complained of. That point was not controlling in that case. It was a *dictum.* See *Easton v. The State,* 6 Baxt. 466, 478; *People v. Reyes,* 5 Cal. 349; *People v. Gehr,* 8 id. 362.

Every one of the 12 challenges, in each case, should have been sustained. In the language of Lord Coke, we were entitled to 12 jurors who "should stand indifferent as they stand unsworn." *People v. Mather,* 4 Wend. 229; *Armistead v. Commonwealth,* 11 Leigh (Va.) 657; *Freeman v. People,* 4 Denio (N. Y.) 9; *Black v. The State,* 42 Tex. 377; *Sam v. The State,* 13 Smed. & M. (Miss.) 189; *Nelms v. The State,* 13 id. 500; *Cancemi v. People,* 16 N. Y. 501; *The State v. Clark,* 42 Vt. 629; *Meyer v. The State,* 19 Ark. 156; *Wright v. Commonwealth,* 32 Gratt, 491; *Boon v. The State,* 1 Ga. 631;

The State v. Treadwell.

*The State v. Brown*, 15 Kas. 401; *The State v. Miller*, 29 id. 43; *The State v. Beatty*, 45 id. 501; *The State v. Snodgrass*, 52 id. 178.   See, especially, *Trimble v. The State*, 2 Greene (Iowa), 414, 415.   See, also, *Schaffer v. The State*, 3 Wis. 832; 98 U. S. 155; *Holt v. People*, 13 Mich. 227; 7 Cowen, 122; *Maddox v. The State*, 32 Ga. 581.

2. It may be urged that the evidence set out in the record is suggestive of guilt, and therefore it is immaterial about the jury.   It must be borne in mind that both these cases are felonies.   The accused has not, like the defendant in *The State v. Bancroft*, 22 Kas. 215, admitted his guilt on the witness stand, and thus saved a reversal; besides, in each case here there are 12 — not one — incompetent jurrors.

3. The sentence for the burglary is excessive and unlaw-ful.   It is excessive, all things considered, to give a man 20 years out of a possible 21, when he is already provided with 15 years besides.   It is unlawful, because there is no statute to justify it.

4. The verdict is fatally defective.   See *Dick v. The State*, 3 Ohio St. 84; *Parks v. The State*, 3 id. 102; *People v. Mar-quis*, 15 Cal. 38; *The State v. Coch*, 52 id. 627; *The State v. Reddick*, 7 Kas. 154; *The State v. Huber*, 8 id. 450; *People v. O'Neil*, 78 Cal. 388; *People v. Travers*, 15 Pac. Rep. (Cal.) 293; *The State v. Jackson*, 99 Mo. 60; *Nelson v. The State*, 13 S. Rep. (Fla.) 361; *Allen v. The State*, 85 Wis. 24.   In the light of §§ 121 and 122, the information charged the de-fendant with burglary in the first degree, under § 61, with burglary in the second degree, under §§ 63 and 65, and also with an attempt to commit any of said offenses.   *The State v. O'Kane*, 23 Kas. 244.

5. Not one witness says that a single door in the Hood mansion was either closed or locked.   No one says the de-fendant entered the house through that window.   No one made any examination of any other part of the house.   It will not do to reply to this that Treadwell somehow got that watch; because the recent possession of stolen property is not even *prima facie* evidence of the breaking or entering the

house; nor of the intent with which such breaking and entering is done. See 2 Am. & Eng. Encyc. of Law, 695, and the 20 authorities there cited.

As there was not sufficient evidence of the burglary to justify a conviction, he should have been acquitted on that charge, and, having been convicted, should have been granted a new trial. *Jones v. The State*, 25 Tex. App. 226.

*John T. Little*, attorney general, and *W. C. Simpson*, county attorney, for The State:

Of course it is conceded that the defendant was entitled to an impartial jury in each case, and that if any juror "has formed or expressed an opinion on the issue or any material fact to be tried," he is an incompetent juror. What, then, is the character of the opinion which will disqualify? See *Smith v. Eames*, 3 Scam. 41 (36 Am. Dec. 511, notes).

Impressions not amounting to opinions, received from newspaper articles or rumor, do not disqualify a juror, and are not cause for challenge. *The State v. Crawford*, 11 Kas. 32. In that case the juror said, among other things: "From what I heard, I suppose the defendant here present is the man who killed Davenport. It would take evidence to remove the impression from my mind that Crawford killed Davenport." This juror was held competent. The killing was not denied. The defense was insanity.

Certain parties called as jurors testified on their *voir dire* that they had heard or read of the matters charged in the information, and had formed opinions thereon; but it appearing from the whole of their examination that such opinions were not settled or fixed, and that they could give full and fair consideration to all the testimony, and be guided solely by it in their conclusions, it is held that the challenges were properly overruled. See *The State v. Spaulding*, 24 Kas. 1. Special attention is called to this case. See, also, *The State v. Snodgrass*, 52 Kas. 177.

A careful consideration of the evidence offered on the trial of these cases will convince the court that the verdicts of the

juries were right, and that no other verdict could have been reached by fair and impartial juries. The evidence in these cases is all before the court, and shows that if any error was made in retaining jurors, it was not prejudicial to the rights of the defendant. *The State v. Snodgrass*, 52 Kas. 174.

Paragraph 2188 of our statute, defining burglary in the first degree, was taken substantially from the Missouri statute. Placing the word "forcibly" before the words "bursting or breaking" in the statute does not change the common-law rule of burglary in the first degree. Force was always implied in the word "breaking." If actual force is necessary under our statute, what degree of force will be required? Where is the rule to determine that? In this case, the window was at least raised, and one slat was broken in the shutters to enable the burglar to open them. If the window had been left open, as defendant intimates might have been the case, then what the witness Hood called inside blinds were, in fact, outside shutters of that window. See *Ducher v. The State*, 18 Ohio, 308 ; *The State v. Cash*, 38 Kas. 50.

The verdict is sufficient. This verdict finds the defendant guilty of the burglary and of the larceny, as charged in the information. An inspection of the information will show that burglary in the first degree is charged. The only reason why a less degree could be found is because of §§ 121 and 122 of the code. Section 121 says the jury may find the defendant not guilty of the degree charged and guilty of any degree inferior thereto. Section 122 says: "The defendant may be found guilty of any other felony or misdemeanor necessarily included in that with which he is charged." Both of these sections show that a certain offense is charged in the information, and defendant may be found guilty of an offense inferior to or included in the offense charged in the information. This verdict is certain as to the offense being that charged in the information.

The two sections of the statute which defendant claims this information comes under are almost identical with §§ 10 and 11 of the Missouri code, the only difference being, our statute

has the words "in the nighttime," which are not in the Missouri statute. The Missouri supreme court has held that, where an information is drawn under the section for burglary in the first degree, the defendant cannot be convicted of burglary in the second degree. *The State v. Alexander,* 56 Mo. 131.

This objection of the defendant does not apply to the verdict in the case for jail breaking, nor to the verdict as to the larceny in a dwelling house. There are no degrees of larceny in a dwelling house. Any larceny in a dwelling house is a felony, without regard to the value of the property stolen. The verdict may stand as to the larceny and not as to the burglary. They are separate and distinct offenses, and separate sentences were pronounced. *The State v. Alexander,* 56 Mo. 131.

The opinion of the court was delivered by

JOHNSTON, J.: A. B. Treadwell was convicted upon a charge of breaking and escaping from jail, and the penalty adjudged was imprisonment in the penitentiary for a term of three years, and from that conviction and judgment he appeals to this court.

The principal objection urged against the conviction is the action of the court in overruling the challenges of certain jurors. It appears that the only evidence offered in the case was that presented in behalf of the state. While there is a plea of not guilty, there is not a syllable of evidence to contradict the proof offered by the state that the defendant broke and escaped from jail and from legal custody, as charged in the information. Several of those who were called and accepted as jurors had what they termed "impressions," "beliefs" and "opinions" that the jail had been broken and a prisoner had escaped, but they were based on general rumor and on newspaper reports. They had no personal knowledge of the facts in the case; had not talked with the officers from whose custody the defendant escaped, nor with any of the witnesses in the case; and evidently the impressions or opin-

ions which they held were not of such a fixed and positive character as to disqualify them from fairly and impartially trying the case upon the evidence. The examination of these jurors did not show any bias or prejudice against the defendant, and there was nothing in the testimony to show that their minds were not open to a fair consideration of the testimony that might be offered. The impressions which they had were received from rumor and newspaper statements, and, not being of a fixed and settled character, are not good cause for challenge. ( *The State v. Medlicott,* 9 Kas. 257; *The State v. Crawford,* 11 id. 32; *The State v. Spaulding,* 24 id. 1; *The State v. Snodgrass,* 52 id. 177.) In this case there was no conflict in the evidence and no essential fact was disputed by any evidence that was brought before the jury. Looking at that testimony, there is no room for doubt that he was guilty of the charge, and no honest jury could have arrived at any other conclusion. None of the jurors had any opinion upon the guilt or innocence of the defendant, and, in view of the undisputed testimony, it is clear that no prejudice resulted to the rights of the defendant from their retention on the jury. The judgment of the district court will be affirmed.

All the Justices concurring.