THE STATE OF KANSAS v. GEORGE H. THOMAS.

No. 10932.

1. AGE-OF-CONSENT LAW—*conviction under, sustained.* The testimony examined, and held sufficient to sustain a conviction of rape on a female under the age of eighteen years.

2. ———— *venue may be proved by circumstantial evidence.* In such a case the venue as well as the criminal act may be established by circumstantial evidence.

3. FLIGHT OF ACCUSED—*proper to instruct that it may be considered as bearing on question of guilt.* Flight by a person accused of a crime, though not of itself sufficient to support a conviction, is a circumstance that may be shown against him and given such weight as the jury deem it entitled to; and it is not error for the court, in the instructions to the jury, to mention the fact that evidence tending to prove flight has been offered, and may be considered by them as a circumstance bearing on the guilt of the accused, with all the other evidence in the case.

Error from Anderson District Court. Hon. Samuel A. Riggs, Judge. Opinion filed December 11, 1897. *Affirmed.*

*L. C. Boyle,* Attorney General, *W. A. Johnson, N. L. Bowman* and *C. T. Richardson,* for the State.

*W. H. Lewis* and *Carr W. Taylor,* for appellant.

ALLEN, J. The defendant was convicted of the crime of rape, committed on Gertrude Beard, a girl under the age of eighteen years, and sentenced to confinement in the Penitentiary for the term of twelve years. From this conviction he appeals. The first alleged error is in overruling the defendant's challenge to the juror W. A. Gage. An examination of the juror failed to disclose that he entertained a fixed opinion with reference to the guilt or innocence of the defendant. He stated that he had never heard any one pretend to detail the facts and circumstances of the case. He had read a statement in the newspa-

pers, which he believed to a certain extent. It is true that the juror answered the question whether it would require evidence to change the opinion he entertained in regard to the guilt or innocence of the defendant in the affirmative, but he also stated that he had not a fixed opinion, and that it would not weigh with him against the evidence of witnesses on the stand. We think the case falls fairly within the rule applied in *The State v. Treadwell* ( 54 Kan. 507 ), and prior cases therein cited, and in *The State v. Lowe* ( 56 Kan. 594 ).

It is next contended that the court erred in refusing to instruct the jury to return a verdict of not guilty, and that the evidence was insufficient to warrant its submission to the jury. A careful reading of the record convinces us that there was ample testimony to sustain a conviction. It was shown that the defendant and Gertrude Beard were on very intimate terms ; that he visited her frequently at her home while her mother was confined to her bed by sickness ; that they frequently went out together in a carriage ; that she sometimes visited him at his place of business ; that he told Mrs. Beard that he loved her daughter and wanted to marry her, and wanted to go with her, and prove himself worthy of her. During Mrs. Beard's illness, in September, 1896, he called on Gertrude at her home nearly every evening when he was in town. About the twentieth of November, 1896, he called on Dr. Milligan and told him there was a little girl in trouble ; that he thought she was pregnant, and asked him what he could do for her. On being told by the Doctor that he could not do anything, he asked if he would make an examination to determine her condition. Shortly afterward he came in again with Gertrude, and remained while the Doctor made an

*1. Conviction
sustained.*

examination from which he was of the opinion that she was pregnant. Gertrude died on the twenty-fourth of December following. On that day or the day before, she was delivered of a fœtus, the appearance of which indicated that conception had taken place about three months before. The defendant visited Gertrude several times during her last illness. At the request of Mrs. Beard, Judge Schoonover called on the defendant and told him that Mrs. Beard wanted him to marry Gertie. He said that "the worst they could do to him would be to make him dig coal; that he did not believe she was in the family way; that he thought a good deal of Gertie and that he would fix the matter up if he had a chance; that he had always been very careful with her, and that if she was in the family way he was not the father of the child." About the nineteenth of December a warrant was issued for the arrest of the defendant, but the sheriff failed to find him. He fled to the State of Washington, where he was afterwards arrested. Other minor circumstances appear from the testimony, indicating the defendant's guilt. Against this strong showing there was little in the way of defense besides the testimony of the defendant himself. He attempted to cast suspicion of criminal intimacy on other young men, but we find nothing in his own statements, or those of other witnesses in that direction, tending in the slightest degree to weaken the case against him. The defendant denied that he had ever had sexual intercourse with Gertrude, but it was the province of the jury to determine from all the evidence whether he had or not, and the testimony appears ample to support their finding.

It is said that there is nothing in the record tending to prove that the crime was committed in Anderson

County. It is true that no witness testi-

<span style="font-size:smaller">2. Venue proved by circumstantial evidence.</span> fied directly to a criminal act committed

at a given place, but the circumstances by which alone the guilt of defendant was established are sufficient to prove that the crime was committed in that county.

It is said there was error in admitting proof of the death of Gertrude Beard, but we think otherwise. It is difficult to see how the case could have been tried without this fact having been made known to the jury. Various other questions with reference to the admission and rejection of testimony are raised by counsel for the appellant, but we find no error in any of the rulings complained of, nor do the further objections appear of sufficient importance to require mention.

Complaint is made of the charge of the court, and especially of the following language :

"Evidence has been offered tending to show flight by the defendant from the State of Kansas to the State of Washington, at or about the time the com- <span style="font-size:smaller">3. Flight of accused evidence of guilt.</span> plaint was filed charging him with the crime alleged against him in the information. If you find from the evidence that the defendant did, at or about the time the charge contained in the information was first preferred against him, flee to a distant section of the country, and that such flight was induced by such charge, this is a circumstance to be considered by you in connection with all the other evidence to aid you in determining the question of his guilt or innocence."

It is urged that the court had no right to state that evidence had been offered tending to show flight; that in so doing the court invaded the province of the jury. This claim cannot be sustained. The court did not undertake to say that flight had been proven, . and there certainly was abundant evidence tending to

show flight. In fact, the defendant's own testimony established it quite conclusively. The defendant appears to have been fairly tried, and the judgment must be affirmed.