THE STATE OF KANSAS v. ED. A. STEWART.

No. 13,097. (69 Pac. 335.)

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Evidence of Conduct after Commission of Offense*. The facts of flight, concealment, disguise, denial of identity, change of name, and like acts, done by one accused of crime, after the commission of the offense, may be received in evidence, with all the other facts and circumstances in the case, as bearing on the question of the guilt of defendant.

Appeal from Greenwood district court; G. P. AIKMAN, judge. Opinion filed July 5, 1902. Affirmed.

*T. C. Turner*, for The State.

*L. H. Johnson*, for appellant.

The opinion of the court was delivered by

POLLOCK, J.: Appellant was arrested and tried on a charge of grand larceny in the stealing of cattle, and from a judgment of conviction appeals. A motion to dismiss the appeal is filed. The motion is not well taken and is therefore denied.

Many grounds are relied on by counsel for appellant to work a reversal of the judgment of conviction. We shall give separate notice to one only. An examination of the record shows that the others cannot be sustained. The larceny occurred in August, 1899. Defendant was arrested in June, 1901. As part of its case in chief, the state offered one Benson, cashier of a bank in El Dorado, to prove that, since the commission of the offense and shortly before the arrest, defendant had transacted business with the bank, and in so doing had stated his name to be William Jacks, and had signed different papers in that name, and, also, had stated his residence to be near the town of Beaumont, whereas, in fact, he had never resided in that section of the country. The record also contains evidence that defendant, in dealing with the stolen cattle and in offering the same for sale, had stated his name to be Roper. It is earnestly insisted by counsel for appellant that this evidence of the witness Benson was offered by the state for the purpose of establishing the bad character of defendant before his character was put in issue by proof of good character; and, further, that the evidence of this witness was offered by the state to prove defendant guilty of a purely collateral offense. An examination of the record, however, clearly shows that the evidence of Benson was neither offered nor received for this purpose, but for the purpose of establishing the fact that after the

commission of the offense defendant stated the place of his residence to be other than that where he actually resided, and gave an assumed name in order to conceal his identity and escape detection, and not for the purpose of proving a collateral crime or attacking the character of defendant before put in issue. For this purpose the evidence was properly admitted.

The facts of flight, concealment, disguise, change of name, denial of identity, and the like, of a person accused of crime, after the commission of the offense, may be given in evidence, together with all the other facts and circumstances in the case, as bearing on the question of the guilt of the defendant. (*State v. Chase*, 68 Vt. 405, 35 Atl. 336; *Barron v. The People*, 73 Ill. 256; *M'Cabe v. Commonwealth* [Pa.], 8 Atl. 45; *The People v. Pitcher*, 15 Mich. 397.)

The evidence found in the record is ample to sustain the judgment of conviction. It is, therefore, affirmed.

DOSTER, C. J., SMITH, J., concurring.