No. 20,708.

THE STATE OF KANSAS, *Appellee*, v. E. C. BURTON, *Appellant*.

SYLLABUS BY THE COURT.

1. CHATTEL-MORTGAGED PROPERTY — *Sold Without Written Consent* — *Proof of Oral Consent Admissible on Issue of Fraud.* In the prosecution of a mortgagor under section 6513, General Statutes of 1915, for selling property covered by chattel mortgage without written consent of the mortgagee, proof of oral consent of the mortgagee to the sale is not sufficient to defeat the action, but such proof may be admitted as bearing upon the question whether or not the sale was made for the purpose of defrauding the mortgagee.

2. SAME — *Property Sold Subject to Mortgage — No Defense.* Proof that the bill of sale by which the mortgagor disposed of the property recited that it was sold subject to the mortgage is not sufficient to defeat the action.

3. TRIAL — *No Substantial Error.* Assignments of error involving consideration of the sufficiency of evidence examined, and held to be unsubstantial.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed June 9, 1917. Affirmed.

*A. J. Adams,* and *Walter T. Matson,* both of Wichita, for the appellant.

*S. M. Brewster,* attorney-general, *Ross McCormick,* county attorney, *Glenn Porter,* and *H. C. Castor,* both of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was convicted of selling personal property covered by chattel mortgage, and appeals.

Testimony given at the preliminary examination by a witness who was not present at the trial was read to the jury. It is said the testimony was improperly admitted because the state did not show that the witness was beyond the jurisdiction of the court and did not show reasonable diligence to procure the attendance of the witness. It was sufficient for the state to prove that the whereabouts of the witness was unknown and could not be ascertained after diligent search.

(*The State v. Stewart*, 85 Kan. 404, 116 Pac. 489; *The State v. Chadwell*, 94 Kan. 302, 146 Pac. 420.)   The implied finding of the trial court that due diligence had been used to discover and produce the witness is approved.

Complaint is made that evidence was rejected of statements material to the case made by one who, it is claimed, was the agent of the mortgagee. The evidence was properly excluded because there was no proof of agency.

The defendant claims that the prosecution was barred by the two-year statute of limitations. The subject was presented to the jury by very full and clear instructions. The several questions of fact involved depended for their solution upon the credence and weight to be given to oral testimony. Probably little of the defendant's evidence was believed, and if so, the verdict of the jury was well sustained.

The statute under which the defendant was convicted provides that any mortgagor of personal property who shall sell or dispose of such property without written consent of the mortgagee shall be guilty of larceny and shall be punished for petit larceny or for grand larceny according to the value of the property. (Gen. Stat. 1915, § 6513.)   The defendant claims immunity from punishment because the bill of sale by which he disposed of the property recited that it was sold subject to the mortgage. The chattel mortgage contained no stipulation that the legal title to the property should not vest in the mortgagee. (Gen. Stat. 1915, § 6501.)   Consequently, any sale the mortgagor might make would necessarily be subject to the mortgage. The statute contains no exemption from liability such as the defendant proposes, and the court can not interpolate one. If such an exemption were allowed, a sale subject to the mortgage to a confederate who dissipated the property, as occurred in this case, would make waste paper of the statute.

The defendant produced testimony, which the court admitted, that oral consent of the mortgagee to sell the property was given at the time the mortgage was made. The defendant claims such consent was sufficient to relieve him from liability. The statute requires written consent of the mortgagee, and the court properly instructed the jury that the defendant was not justified in selling or disposing of the prop-

erty without that kind of consent. The statute is, of course, a statue to circumvent fraud. Formerly it provided merely that any mortgagor of personal property who should sell or dispose of such property for the purpose of defrauding the mortgagee should be guilty of a misdemeanor. Deeming the statute insufficient to accomplish the purpose for which it was designed, the legislature at its session in 1897 inserted the provision relating to written consent of the mortgagee, and made the crime of selling or disposing of the property without such consent larceny. (Laws of 1897, ch. 161.) Since then the statute has been further improved. The provision relating to written consent of the mortgagee was designed to check the commission of perjury in aid of fraud, and can not be disregarded in criminal cases.

The court instructed the jury that it was essential that the sale charged should have been made with intent to defraud the mortgagee, and further instructed the jury as follows:

"Evidence has been introduced for the purpose of showing that the mortgagee orally consented to the defendant's selling or disposing of the mortgaged property. While such evidence as to oral consent is not competent as showing that an oral consent could take the place of a written consent, and that the requirement of the statute that the consent should be written would be satisfied by an oral consent, still such evidence is permitted by the court to be introduced solely for the purpose of bearing upon the question as to whether or not, in selling or disposing of the mortgaged property, the defendant intended to defraud the mortgagee. If the mortgagee orally consented to a sale or disposition of the mortgaged property, then you should consider this circumstance in determining whether or not the defendant, in selling or disposing of the mortgaged property, intended to defraud the mortgagee."

These instructions were correct and gave the defendant all the benefit of his testimony which the law allows.

The defendant cites two decisions of the supreme court of Iowa interpreting the criminal statute of that state, which the defendant says is similar to the statute of this state. The Iowa statute is distinctly unlike the statute of this state, in that consent of the mortgagee is not restricted to written consent. (2 Revised Code of Iowa, 1880, § 3895.) In the case of *Walker v. Camp*, 69 Iowa, 741, cited by the defendant, it was held that the rule excluding parol evidence to vary the terms of a written contract did not preclude evidence of oral consent of

the mortgagee to a sale of the mortgaged property, given at the time the mortgage was made. The reason given was that a seller of mortgaged property is not to be convicted without a criminal intent, and if because of the mortgagee's consent the seller believe he has the right to sell, his honest act can not be converted into a crime by the parol-evidence rule. In the case of *Tootle, Hosea & Co. v. Taylor et al., Garnishees,* 64 Iowa, 629, cited by the defendant, the court said:

"A subsequent mortgage or sale of the property is not declared void, for the reason, we may suppose, that the mortgagor has an equity of redemption which he may sell, and, if he may do this, we see no reason why he may not execute a mortgage which will cover such interest. If the statute is literally construed, he would be liable to the penalty, although he sold the property for the express purpose of paying the debt, if the sale was made without the consent of the mortgagor [mortgagee]; and this is true, even if he tendered the money in payment of the debt. Such can not be the true construction of the statute. Under it, the mortgagor may fully use and control the property, provided he does not impair the security of the mortgagee." (p. 632.)

The case was a civil case. The matter decided was the legal effect of the second mortgage. Considering the decision, however, as interpreting the statute for criminal as well as civil cases, it means no more than that a mortgagor should not be regarded as guilty of larceny in disposing of mortgaged property without the mortgagee's consent unless the transaction be fraudulent. The result is, the Iowa decisions, as far as they are applicable at all, are not in conflict with the views which have been expressed.

The judgment of the district court is affirmed.

---

### OPINION DENYING A REHEARING.
#### Filed June 22, 1917.

*Per Curiam:* A petition for a rehearing has been filed containing the following statements:

"That the court in rendering an opinion in this action, has apparently overlooked one of the main points, if not the main point and chief defense, to wit:

" 'That the statutes of limitations had run in favor of the appellant prior to the time of his arrest.'

"That as the court in their opinion made no mention of that portion of the case hereinabove described, said appellant believes that the court in arriving at its decision, may have overlooked a very important part of the case."

The subject referred to was fully treated in the fourth paragraph of the opinion (page 63, *ante*).

The petition for a rehearing is denied.