No. 24,099.

THE STATE OF KANSAS, *Appellee*, v. ALLEN HAYS, *Appellant*.

SYLLABUS BY THE COURT.

1. SALE OF MORTGAGED PROPERTY—*Evidence of Flight or Concealment—Instructions.* Where there is evidence tending to show flight or concealment of the accused at the time or shortly after committing the offense charged, it is not error for the court to give to the jury a proper instruction pertaining to such evidence.

2. SAME — *Cross-examination of Defendant — Answer Conclusive on State.* Where the defendant is a witness in his own behalf, and the prosecution on cross-examination interrogates him concerning a transaction collateral to the issue on trial, it is bound by defendant's answer, and it is error to permit the state to controvert them by evidence in rebuttal.

Appeal from Shawnee district court; division No. 2; GEORGE WHITCOMB, judge. Opinion filed June 9, 1923. Reversed.

*C. P. Schenck, W. E. Atchison,* and *J. J. Schenck,* all of Topeka, for the appellant.

*Charles B. Griffith,* attorney-general, *Tinkham Veale,* county attorney, and *Ralph H. Gaw,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Appellant was convicted of wrongfully disposing of mortgaged personal property in violation of section 6513 of the General Statutes of 1915. Appellant and others associated with him as partners conducted an automobile business under the name of the Allen Hays Auto Company, at 926 Kansas avenue in Topeka, and sold new and used automobiles. The partnership was indebted to the Kaw Valley National Bank of North Topeka and on December 10, 1920, appellant executed, on behalf of the partnership, a note payable to the bank for $1,934, due on demand, and a chattel mortgage to secure the payment of the note, on one used Stutz automobile and three other used cars. The mortgage was recorded. The mortgaged automobiles were left with the auto company for sale and appellant tried to sell them. In fact, the bank wanted appellant to sell the cars and apply the money on the mortgage debt, but gave no written consent for their sale. The Allen Hays Auto Company was not prosperous; it had many creditors. Appellant had sold his home in which he had an equity of about $2,000, and put that in the business. About the first of the year an effort was made to organize a

corporation to take over the business and pay the debts of the partnership, but that was not fully accomplished. Early in February, 1921, appellant disposed of the Stutz car mentioned, for a Buick touring car, and sold the Buick car for $400. The bank was. not advised of this disposition of the Stutz car and was not paid the money received for the Buick car. About February 10, appellant left Topeka and went to Idaho, where his brother lived. In a few days the bank learned of his absence, looked for the Stutz automobile, found it in possession of the firm to whom appellant traded it, demanded and received possession of it and later sold it and applied the proceeds upon the mortgage debt. Appellant stayed in Idaho a week or two and then went to Coffeyville, where his wife was with her people. While there he learned that a warrant had been sworn out for him at Topeka. He went from Coffeyville to Indiana, where he had some relatives, and from there to Canada. From Canada he wrote to the bank explaining some matters about his business affairs; stated that he understood there was a warrant out for him; that he did not intend to be arrested and suggested that if the warrant were withdrawn he would come back and straighten everything up. He soon returned to Coffeyville and from there went to Topeka and surrendered himself to the sheriff.

Appellant contends that there should be no conviction because appellant had the oral consent of the mortgagee to sell the property. This is no longer a complete defense since the statute was amended to require the written consent of the mortgagee, though oral consent may still be shown as bearing upon the motive of the accused. (*The State v. Burton,* 101 Kan. 62, 165 Pac. 847.)

Appellant argues that the mortgagee was not defrauded for, though appellant had disposed of the Stutz car, the mortgagee got the property on demand, sold it and received the money to the same effect, and with as little trouble as though appellant had not disposed of it. Obviously this argument is not sound. This construction would make the statute meaningless.

The court gave the following instruction on the question of flight:

"In determining the guilt or innocence of the defendant in this case you have a right to take into consideration his conduct in the way of flight, concealment, change of name and the like, if such there were, after the alleged commission of the offense, together with all the other facts and circumstances in the case, and you should also consider in the same connection the fact, if you find it to be a fact, that he returned voluntarily or otherwise to Shawnee county, and the circumstances of his return."

Appellant does not complain of the form of this instruction, but he does complain that an instruction was given upon the subject. In *The State v. Thomas,* 58 Kan. 805, 51 Pac. 228, it was held:

"Flight by a person accused of a crime, though not of itself sufficient to support a conviction, is a circumstance that may be shown against him and given such weight as the jury deem it entitled to; and it is not error for the court, in the instructions to the jury, to mention the fact that evidence tending to prove flight has been offered, and may be considered by them as a circumstance bearing on the guilt of the accused, with all the other evidence in the case." (Syl. ¶ 3.)

For a full discussion of the admissibility of evidence and instructions pertaining to flight or concealment of accused in criminal cases, see 16 Corpus Juris 551, 960, 985, and authorities there cited. Appellant's point that the court should not have given any instruction on this subject is not well taken.

At the trial of the case the defendant was a witness in his own behalf. Upon cross-examination counsel for the state took him over a wide range of subject matter, much of which had little to do with the issue before the court. Among other things, he was asked about a transaction with a Dr. Colt of Manhattan, from which it appears that Dr. Colt had made a contract to buy a new automobile from appellant's firm, turning his old car in at a stipulated price and to pay the difference in cash. It seems the new car had never been delivered nor the old car returned to Dr. Colt. Appellant was interrogated as to all the details of that transaction and gave his version of it. On rebuttal Dr. Colt was called as a witness by the state and gave his version of this transaction, which was contradictory in many details to that testified to by appellant, and tended to show that appellant had defrauded Dr. Colt in that transaction. Appellant complains of the admission of this rebuttal testimony. It was error to admit it. Whether appellant had defrauded Dr. Colt in the transaction in question was not an issue in the case on trial and if appellant committed an offense in that transaction it was not an offense similar to the one charged in this case. At best it was a matter collateral to the issue on trial. In *The State v. Alexander,* 89 Kan. 422, 131 Pac. 139, it was held:

"Evidence should not be admitted to contradict a statement of a witness elicited upon cross-examination upon a purely collateral matter which does not tend to prove or disprove an issue in the case, the contradictory evidence being offered by the party eliciting the statement." (Syl. ¶ 3.)

The State v. Hays.

If the state desired to ask appellant about that transaction upon cross-examination, and the court, in his discretion, permitted the inquiry, the state was bound by his answer. (*The State, ex rel., v. Stout,* 101 Kan. 600, 168 Pac. 853.) Even where this rule has been violated this court has refused to reverse the case, if it was clear that the wrongful introduction of the evidence was not prejudicial. (*The State v. McLemore,* 99 Kan. 777, 164 Pac. 161; *The State v. Smith,* 103 Kan. 148, 174 Pac. 551.) But that cannot be said of this evidence in this case. Even the way the appellant told the story was bad enough, but as testified to by Dr. Colt it certainly cannot be said that it was not prejudicial.

Appellee argues that the rebuttal evidence of Dr. Colt offered by the state was justified on the theory that the state may, for the purpose of showing motive or intent, offer evidence of other transactions similar to that for which defendant is being prosecuted. The general rule is that the evidence, in a prosecution for a particular crime, which in any manner shows or tends to show that the accused had committed another crime wholly independent of that for which he is on trial, even though it is a crime of the same sort, is irrelevant and inadmissible. (*The State v. Kirby,* 62 Kan. 436, 63 Pac. 752.) There are well known exceptions to this general rule, as well established and supported by as good reason, as the rule itself, and one is that evidence of other crimes similar to that charged is relevant and admissible when it shows, or tends to show, a particular criminal intent which is necessary to constitute the crime charged. Any fact which proves, or tends to prove, the particular intent is competent and cannot be excluded because it incidentally proves an independent crime. (*The State v. Lowe,* 6 Kan. App. 110; *The State v. Reed,* 53 Kan. 767, 37 Pac. 174.) But for evidence of another offense to be competent for the purpose of showing the intent of the accused in the matter of the offense charged, the similar offense must be so related in kind to the one in question as to illustrate the question of intent. (16 C. J. 590.) In the transaction with Dr. Colt no chattel mortgage was involved, and the evidence cannot be justified upon that theory. It was such a distinct matter that it would not have been competent had it been offered by the state in chief. (*The State v. Thurtell,* 29 Kan. 148.)

The judgment of the court below will be reversed and a new trial ordered.