No. 11,015.

HALFYARD *v.* THE PEOPLE.

Decided June 1, 1925.

Plaintiff in error was convicted of an assault with intent to commit rape.

*Reversed.*

1. CRIMINAL LAW—*Evidence.* In a prosecution for assault with intent to commit rape where identification of defendant by prosecutrix was uncorroborated and the evidence thereon conflicting, admission on rebuttal of testimony of indecent exposure by defendant, which was wholly immaterial on the trial of the charge under consideration, was prejudicial error.

2. *Evidence—Assumed Name.* In a criminal prosecution, evidence that defendant when arrested gave an assumed name, was properly admitted.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. W. D. WRIGHT, for plaintiff in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. JOSEPH P. O'CONNELL, Assistant, for the people.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was sentenced to thirteen to fourteen years imprisonment in the penitentiary on a verdict of guilty of assault with intent to commit rape. To review that judgment he prosecutes this writ.

The only serious question was one of identity. Defendant's identification by the prosecutrix was uncorroborated. Defendant denied that he was the perpetrator and four of his witnesses related facts which, if true, would make his guilt impossible, or extremely improbable. This alone does not justify our interference with the verdict. It does, however, present a situation in which any discredit erroneously thrown upon defendant might easily have turned the scale against him. That he suffered such we think clearly established by the record.

Defendant was not arrested until about three months after the alleged attack. That arrest was not for the crime here charged but apparently for an indecent exposure, and for which he was never tried. While in jail under that arrest prosecutrix here identified him as her assailant. On rebuttal the officer making the arrest was permitted to testify that defendant then wore woman's undergarments and was standing on the street at midnight opening his overcoat and exposing his person to passers by. How defendant was dressed, or what he was doing, at that time was wholly immaterial on the trial of the charge here under consideration. The attorney general agrees that the admission of this rebuttal was "probably error" and reversible if prejudicial. It is quite likely, from the conflict

above noted, that there was at this time doubt in the minds of the jurors as to the identification. If so it seems certain that this improper rebuttal would have raised such prejudice against defendant in the minds of the jurors as to completely obliterate all evidence in his favor. We have no doubt therefore that this was prejudicial. For that reason alone the judgment must be reversed.

It also appeared that at the time of his arrest defendant gave an assumed name and the admission of this evidence is likewise assigned as error. We think otherwise. *State v. Stewart,* 65 Kan. 371, 69 Pac. 335; *State v. Lambert,* 104 Me. 394, 71 Atl. 1092, 15 Ann. Cas. 1055.

It is suggested that many reasons other than conscious guilt of the crime here charged might have caused defendant to use an alias. Very true, but those reasons were a part of his defense.

The judgment is reversed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS concur.