No. 30,029.

THE STATE OF KANSAS, *Appellee*, v. WILLIAM WASINGER, *Appellant*.

(298 Pac. 763.)

Opinion filed May 9, 1931.

*Edgar Foster* and *Ray H. Callihan,* both of Garden City, for the appellant.
*Roland Boynton,* attorney-general, *A. L. Ferris,* county attorney, *Loren T. Peters* and *Andrew F. Schoeppel,* both of Ness City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: William Wasinger was charged with and convicted of the offense of receiving stolen property, and appeals.

Cattle kept in two pastures near together in Finney county, owned by three persons, were taken out and driven by parties to the Grady place in Lane county, about eleven miles from the pastures. This was done in the latter part of October, 1928. The defendant, it appears, was not present when the cattle were taken. They were driven by one Grady and one Bethel, who admitted a larceny and driving the cattle to the McKelvy place in Ness county. Subsequently there were conferences between the defendant and the parties who drove the cattle to the McKelvy place. Defendant was present when the cattle arrived at McKelvy's, and according to an arrangement he assisted in the reception of the cattle, and then took

the drivers of the cattle back to their home in his car. Defendant was prosecuted for the stealing of these cattle in Finney county and was acquitted. Afterwards he was arrested in Ness county, charged with receiving the stolen cattle. In the district court of Ness county he filed a plea in bar of former jeopardy and attached thereto were copies of the information filed in Finney county, and also the evidence taken in that trial wherein he was acquitted. In the plea he alleged that the prosecution in Ness county for the receiving of stolen property is a prosecution for some part or the whole of the same criminal delinquency charged against the defendant in Finney county, and he therefore asked that he be discharged from further prosecution in Ness county, and a demurrer to the plea was sustained by the trial court. He then filed a plea of not guilty and was tried and convicted for receiving stolen property.

The principal question presented on this appeal is that the evidence and facts in the cases pending in Finney county are largely identical with those relied upon to sustain a verdict in the case for receiving stolen property, and that as the offenses charged all grew out of the same transaction they constituted in fact but one criminal act, and that the test for determining is whether the facts required to support the second charge would have been sufficient if proved to procure a conviction under the first charge, and if that is the case the offenses must be regarded as identical. The charge of the larceny of the cattle and the later charge of receiving them after they were stolen by others are manifestly separate and distinct offenses. In *State v. Fields*, 70 Kan. 391, 78 Pac. 833, it was said that:

"The authorities are unanimous to the effect that under statutes similar to that of this state the offense of receiving stolen property is a distinct, separate and independent crime." (p. 395.)

Defendant contends that the two charges, one of larceny, of which he was acquitted, and the other for receiving stolen property, of which he was convicted, should be regarded as one transaction and constitute a single indivisible offense. The test, it is said, for determining the identity and oneness is that if the evidence offered were necessary to sustain the second information, and was the same as that given in the first, and necessary to sustain it, the offenses should be deemed to be identical, and that the acquittal on the first charge precludes a conviction on the second. This does not necessarily follow where the charges are separate and distinct offenses. The fact that some of the evidence in support of the charge of lar-

ceny may have been offered on the charge of receiving stolen property, does not prove identity nor preclude a conviction on the latter. In this case it devolved on the state to prove that the property had been stolen and then that defendant had received the stolen property, knowing it to have been stolen. Testimony as to the larceny would therefore be necessary on both charges, and to some extent the testimony might be the same so far as it related to defendant's knowledge of the theft of the property. While the testimony would be similar, it would not establish unity of the offenses any more than that testimony in support of an offense would be rendered inadmissible because it tended to show commission of another offense. In *State v. Minnick*, 113 Kan. 385, 214 Pac. 111, it was said:

"The evidence was of course not admissible merely as showing the defendant to have been guilty of another offense, but if it tended to prove him guilty of the offense for which he was on trial it was not rendered incompetent from its laying another crime at his door. If it was admissible it was in spite of its tendency to show him guilty of another offense and not because of it." (p. 387.)

The crime of larceny had been completed before the criminal acts of receiving stolen property were committed. Proof of the additional act of receiving was not necessary to a conviction on the charge of larceny. The two crimes are defined in different sections of the statute and are created as distinct from each other. It was within the power of the legislature to create two or more distinct offenses growing out of a single act or transaction, each punishable by itself, and a conviction or acquittal on one would be no bar to a conviction under the other. In *State v. Learned*, 73 Kan. 328, 85 Pac. 293, the court in speaking of separate offenses arising out of one act said:

"Hence the crimes although committed by the same act are different crimes and a prosecution for one is no bar to a prosecution for the other." (p. 331.)

See, also, *State v. Patterson*, 66 Kan. 447, 71 Pac. 860; *State v. Moore*, 143 Ia. 240; Note in 21 Ann. Cas. 64; 8 R. C. L. 149. The plea in bar was properly determined by the court on the demurrer to the plea.

We conclude that the trial and acquittal of the defendant on the charge of larceny of the property did not preclude a conviction upon sufficient evidence on the charge of receiving stolen property and that the judgment should be affirmed. It is so ordered.