No. 33,470

The State of Kansas, *Appellee,* v. E. A. Grady, *Appellant.*

(76 P. 2d 799)

Opinion filed March 5, 1938.

*Ray H. Calihan* and *Horace J. Foster,* both of Garden City, for the appellant.

*Clarence V. Beck,* attorney general, *C. Glenn Morris,* assistant attorney general, and *Logan N. Green,* county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Appellant was found guilty of the larceny of neat cattle. He has appealed, and contends the trial court erred in overruling his plea in abatement, in admitting certain evidence, in giving a certain instruction, and further contends the evidence was insufficient to sustain the verdict. The facts may be stated briefly, as follows: In 1928 the appellant, Grady, was living on a ranch in Lane county. At the beginning of school in the fall his wife and children went to Garden City to live through the school year, so the children could attend school. He remained at the ranch. In the latter part of October, perhaps the night of the 28th, in accordance with a plan previously proposed by appellant, he and others went to the Fulton pasture, some fifteen miles west of his ranch, and got therefrom about twenty head of cattle belonging to Fulton and drove them east through the Rowan pasture, where they took about fifteen cattle belonging to the Rowans, and drove all of them to the Grady ranch and turned them into a field. A few days later Grady and some of the others associated with him drove the cattle, at night, to the McKelvy place in Ness county, where the cattle were left for the time being. This is near a railroad shipping place. The horse ridden at night by Grady, and one ridden by another of the party, were turned loose at the McKelvy place, and early the next spring their carcasses were found in a draw in an adjoining pasture, and each had been shot in the forehead. Appellant and at least one of his associates returned to his place, with their bridles and saddles, in an automobile. The owners of the cattle taken missed them in a day or two, and not being able to find them promptly, on the theory they had strayed away, notified the officers. Handbills were gotten out and distributed. The owners of the cattle, their neighbors and the officers searched for the cattle and for clues as to who took them. The cattle were located at the McKelvy farm and returned to their owners. On August 26, 1929, a complaint was filed in Finney county charging appellant and four others with the larceny of the Fulton

cattle in one count, and of the Rowan cattle in the second count, and warrants were issued for the arrest of the parties charged. Grady could not be found by the officers. Later the county attorney filed two complaints in justice court, one charging the larceny of the Fulton cattle and the other the larceny of the Rowan cattle. The first complaint was dismissed, or at least further proceedings under it were not had. Other persons charged in these complaints, and for whom warrants were issued, were arrested, and their cases have been variously disposed of. Two of them reached this court. (*State v. Wassinger*, 131 Kan. 316, 291 Pac. 743; Id., 133 Kan. 154, 298 Pac. 763.)

On September 20, 1929, an information was filed in the district court charging appellant and others with the larceny of the Rowan cattle. Another information was filed charging him with the larceny of the Fulton cattle, but with that we are not concerned in this appeal. In March, 1936, appellant, under the name of Joe Murphy, was taken into custody by the sheriff of Major county, Oklahoma, for investigation, and a day or two later was charged with a crime in that state and a few days later was formally arrested. After that arrest he informed the sheriff there that his real name is E. A. Grady and that he was wanted in Finney county, Kansas, where there was a reward offered for his arrest, and that he preferred to go to Kansas and be tried for the charge there against him. On March 31, 1936, he signed a statement in the office of the sheriff of Major county, Oklahoma, stating that he waived his right to be prosecuted in that county and that he was willing and ready to accompany any duly authorized officer from the state of Kansas to answer criminal charges in that state. On April 28, 1936, the sheriff of Finney county, Kansas, went to Major county, Oklahoma, taking with him one of the warrants which had been issued in 1929 out of the justice court for appellant, and appellant willingly accompanied the sheriff to Finney county, Kansas, where he was placed in jail. On May 11, 1936, with his counsel present, he waived formal arraignment and entered a plea of not guilty to the charge in the information previously filed in that court. His bond was fixed at $2,500, which he gave on May 14, 1936.

The case came on for trial in September, 1936, when he filed a plea in abatement on the grounds that he had never had, or waived, a preliminary examination; that at the time the information was filed he was not a fugitive from justice; that he had not been arrested on

a warrant, and that the prosecution was barred by the two-year statute of limitations. No evidence was offered in support of this plea, and it was overruled. The trial resulted in a hung jury.

On October 2, 1936, the plea in abatement was refiled by leave of court, and evidence was offered consisting of the files of this case and its companion case and of the proceedings before the justice of the peace. The state admitted that he had never had a preliminary examination. Defendant admitted that he left the state of Kansas in November, 1928. The testimony of the trial which had been held, insofar as it pertained to whether he was a fugitive from justice when the information was filed, was considered by the court by the agreement of the parties. That evidence has not been abstracted. The court overruled the plea in abatement. A second trial resulted in a hung jury. A third trial was had in January, 1937, resulting in a conviction, from which this appeal was taken.

We now take up the questions argued: Appellant contends the court should have sustained his plea in abatement for the reason that he had had no preliminary examination. One is not required for a fugitive from justice. (G. S. 1935, 62-805; *State v. Woods,* 49 Kan. 237, 30 Pac. 520.) Regarding the question of whether he was a fugitive from justice at the time the information was filed as a question of fact, there was an abundance of evidence here to sustain that view. It is admitted that he left Kansas in November, 1928. It was shown, and admitted by his testimony, that he went directly to Oklahoma; that he dyed his hair and changed his name, and except to a relative whom he met he did not disclose his identity until his arrest in March, 1936, in Oklahoma. In the meantime he had come to Kansas to visit his family three or four times a year, apparently making the trips at night and using care to stay out of the way of officers; that in 1929 he learned from his family that he was charged with the offense. One of his purposes in staying away was that he was not then able to finance a defense, and he thought the fact that he had previously served a term in the penitentiary for stealing cattle would make it hard for him.

Appellant complains that he was not arrested on a valid warrant; that the warrant which the sheriff took when he went for him in Oklahoma was the one issued on the first complaint filed before the justice of the peace, which proceeding had been dismissed, and no warrant was issued by the clerk of the district court when the information was filed. The purpose of the warrant, of course, is to get

the defendant into court. He volunteered to come to Kansas to face the charge which he knew was pending against him. He pleaded to the information on file and gave bond, fixed by the district court, for his appearance for trial. In a felony case one is tried on the information filed in district court, not upon the warrant which may have been issued for him previously. In this case appellant waived the issuance of the warrant by his plea of not guilty and by giving a bond for his appearance for trial. (See 16 C. J. 184 and cases there cited.) It was not error for the court to overrule the plea in abatement.

Appellant complains of the ruling of the court admitting the evidence to the effect that the horse he rode and the one ridden by another with him when the cattle were driven from his place to the McKelvy place were found a few months later dead, in a near-by pasture, and that each of them had been shot. We see nothing improper in this evidence. · It tended to show that appellant and his companion left the horses at the McKelvy place in order that they might not be seen riding them back to their homes, which trip they were making in the daytime, and that appellant, or some one of those associated with him, got rid of the horses so they would not be found with the cattle and thus identify him with their movements.

Appellant complains of the instruction of the court given with respect to flight, in which the jury was told that such evidence pertaining to that matter as had been received might be considered by the jury in connection with the other evidence. The instruction is identical, or similar, to the one ordinarily given in cases where there is evidence of the flight of the defendant. It is proper to give such an instruction in such cases (*State v. Hays*, 113 Kan. 588, 215 Pac. 1109), and the one given was not so worded as to be unduly prejudicial to defendant.

The contention that the evidence does not support the verdict is answered by what has been heretofore stated. The argument on that question largely relates to credibility of witnesses and the weight which should be given to certain of the evidence. Those were questions for the jury and the trial court.

We find no error in the record. The judgment of the court below is affirmed.