No. 42,982

THE STATE OF KANSAS, *Appellant,* v. VINCENT INZERILLO, *Appellee.*

(383 P. 2d 546)

Opinion filed July 10, 1963.

*Guy L. Goodwin,* deputy county attorney, argued the cause and *William M. Ferguson,* attorney general, *Robert E. Hoffman,* assistant attorney general, and *Keith Sanborn,* county attorney, were with him on the briefs for the appellant.

*William C. Farmer* and *Everett C. Fettis,* both of Wichita, argued the cause and *Robert C. Allan, Paul V. Smith, Douglas E. Shay, Leo R. Wetta, James R. Schaefer* and *A. J. Focht,* all of Wichita, were with them on the briefs for the appellees.

The opinion of the court was delivered by

JACKSON, J.: This is an appeal by the state in a criminal action. The state appeals from certain questions reserved. See *State v. Simpson,* 169 Kan. 527, 220 P. 2d 175, Syllabus ¶ 1, and G. S. 1949, 62-1703.

In the case below, the defendant was found not guilty by a jury and was freed from all liability for crime. Whatever we do here, the defendant is entirely free and cannot be retried.

Defendant Inzerillo has moved to dismiss this appeal claiming only moot questions are presented and that there is no reason why the court should hear the case. However, the court feels that it cannot shirk the questions posed in the case.

The questions arise out of a purported tenancy in an apartment house in Wichita. Mrs. Olive Tyson was the rental agent in charge of leasing apartments for a large housing project. She testified as follows: A call came in from a man who gave the name "Clay Larkin" requesting an apartment at 1542 S. Bleckley. She reserved an apartment for him and a month's rent had been deposited. She explained to Mr. Larkin that he would have to sign a lease at which time the keys woud be turned over to him.

On the 13th of April, 1961, when she and her husband went by the apartment at about 11:30 in the evening, she noticed the lights were on although no keys had been turned over and she had assumed the apartment was locked. They did not stop at that time but she came back the next day and knocked at the door. There was no answer. She had no keys with her but she tried the door and was surprised to find it open. She went into the apartment and found a man there who said his name was Clay Larkin. She told him he would have to come over to her address, sign a lease and get his keys and do other matters to get his tenancy in full force. This he agreed to do. As she turned to leave, she noticed a large amount of money piled under a small coffee table. She was asked if Larkin was in the courtroom that day and she pointed out Vincent Inzerillo as the man who had rented the apartment under the name of "Clay Larkin."

On April 14, 1961, two masked men held up Mr. D's IGA Supermarket in Wichita and took $18,770 at gunpoint, effecting their escape in a car driven by a third man.

On Saturday, April 15, 1961, Mrs. Tyson returned to the apartment to see about getting a lease signed and after knocking on the door for some time she tried the back door and found it open. She went in and found a note on the living room table addressed to her. It said that Larkin would be away for a short time but would return. Everything in the way of personal belongings had been removed from the apartment although some food had been left in the refrigerator. Mrs. Tyson reported these matters to the building manager who called the police.

The Wichita Police found many fingerprints of the three defendants. They did not obtain a search warrant to check the apartment, and the trial court held that under *Mapp v. Ohio*, 367 U. S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684, the evidence found in the search should be excluded from the jury.

The state argues that the apartment had been given up; that Mrs. Tyson was completely sure of that being the true state of affairs and that she had the right to call the police to examine the apartment. Another item that could be stressed was that no lease had been signed. As Mrs. Tyson said, Builders Inc., who own the building, refuse to consider an individual a tenant until he has signed a lease. The police were asked to keep the apartment under surveillance for approximately a week. The apartment was rented again by the first of May.

The case of *Abel v. United States*, 362 U. S. 217, 4 L. Ed. 2d 668, 80 S. Ct. 683 is a case concerning abandonment of property where the police searched premises without a search warrant but with the consent of the hotel management. The seizure of articles abandoned by petitioner was held lawful and the findings were properly admitted in evidence.

In the case at bar, no lease had been signed for the apartment. Mrs. Tyson would have ousted the defendant if she had found him. We believe the trial court erred in holding as it did and that the report of the fingerprints of the defendant found in the apartment should have been admitted into evidence.

Another attempt to obtain additional testimony concerning Inzerillo came up when the State asked to have the names of two new witnesses placed on the list. Testimony of Gwenn Hoogerwerf and Mary Myers, employees of the Town House Motel in Wichita, would have shown that on two occasions Inzerillo had registered at the Town House Motel, signing the registration cards with the name "Tom Martin." The court refused to allow this to be shown, and we believe the court erred again here.

Attention is directed to the syllabus of *State v. Stewart*, 65 Kan. 371, 69 Pac. 335. See also the cases of *State v. Hays*, 113 Kan. 588, 215 Pac. 1109; and *State v. Grady*, 147 Kan. 268, 76 P. 2d 799, in which the element of flight was involved and an instruction was approved in which the jury was told that flight might be considered as showing guilt. The state asked for a particular instruction which was refused. The instruction read as follows:

"The facts of flight, concealment, disguise, denial of identity, change of name and like acts done by one accused of crime after the commission of the offense may be received in evidence with all the other facts and circumstances in the case as bearing on the question of the guilt of the defendant."

We believe that the instruction above might well have been given in view of the defendant Inzerillo's use of other names.

Since no actual reversing of the record can be done because the defendant Inzerillo has been acquitted by a jury, we can say only that the appeal in this case is sustained.

Price, J., concurs in the result.