No. 45,416

THE STATE OF KANSAS, *Appellee*, v. ANDREW STAR LOGAN, *Appellant*.

(457 P. 2d 31)

Opinion filed July 17, 1969.

*Russell Shultz*, of Wichita, argued the cause and was on the brief for the appellant.

*Donald Foster*, deputy county attorney, argued the cause, and *Kent Frizzell*, attorney general, and *Keith Sanborn*, county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Andrew Star Logan was convicted by a jury of the offense of possession of burglary tools (K. S. A. 21-2437). By reason of two previous felony convictions he was sentenced under the habitual criminal act to imprisonment for fifty years. He now appeals to this court.

We briefly highlight the evidence. For the prosecution it was shown that the Yard Store is a business place on East Central Avenue in the city of Wichita. It is surrounded by a six foot high fence with barbed wire on top. The property is protected by a burglar alarm system which is activated when a light beam approximately thirty feet inside the fence is broken. The business was closed about 5:30 p. m. on June 13, 1967. At 12:45 a. m. on June 14, 1967, the burglar alarm was activated. A police officer on patrol less than two blocks away was notified by radio of the location of the alarm and he responded immediately, arriving at the Yard Store virtually within seconds. As the officer approached the fence he heard a sound of metal upon metal. He stopped, then observed a slim object approximately two feet long coming over the fence. Appellant came over the fence right behind the object. A street light nearby illuminated the area. Appellant was dressed in coveralls and wore heavy gloves. The night was warm with temperature in the eighties. Appellant told the officer he had been over the fence defecating. A search of the immediate area where the object was seen to come

over the fence and where appellant also landed revealed a crowbar of a type commonly used in burglary, and nothing else of a similar nature. When first apprehended appellant gave his name as Andrew Star. He was taken to the police station where the records revealed no information as to anyone of that name. A detective recognized appellant as Andrew Star Logan under which name he had twice been convicted of burglary and larceny in Sedgwick county. In reply to questioning appellant admitted his name was Andrew Star Logan. He denied ever having possession of the crowbar and stated he had previously been riding around in a car that night with a woman. Appellant's burglary convictions were received in evidence.

Appellant testified in his own behalf. He said he had gone by the name of Andrew Star Logan, Logan being the name of his father with whom he traveled while his father was in the army; he had been told he was adopted but when he registered for the draft he was informed he couldn't go under the name Logan; that his birth certificate shows his name to be Andrew Star, his natural father being Kaiser Star. He further testified that on June 13, the day before the incident in question, he had worked at his job at the Ark Wrecking Company until 5:30 p. m.; he had not gone home and still had his work gloves with him. He related various places he had been that evening; eventually he assisted a white lady change a tire on an automobile; after he left he was accosted by three white men who commenced throwing rocks at him; to escape these men he jumped over the fence in question; he had never seen the crowbar before the time the officer picked it up; he had his gloves in his pocket and was not wearing them at the time of his arrest.

In rebuttal the prosecution produced records of the Ark Wrecking Company indicating appellant had not worked there after May 27, 1967.

Appellant's first two specifications of error relate to jury instructions. Over his objection the jury was told in one instruction that, from certain evidence, proof of intent to use, for burglarious purposes, tools which are commonly used in committing burglaries, could be inferred. One of the items of evidence referred to in the instruction was "concealment of true identity." Appellant first complains there was no evidence he in fact concealed his identity. He argues his testimony as to his true name was uncontradicted and

therefore there was no evidence to support the giving of such an instruction.

He also contends the instruction had the effect of the court telling the jury that appellant did in fact conceal his true identity. We do not so construe the instruction. The state did show appellant's activities under the name Logan and his use of that name. His use of the name *Star* as a surname when he was first arrested may or may not have been spurious and a masquerade. Concealment of identity may be relevant on the element of criminal intent (see *State v. Inzerillo,* 191 Kan. 586, 383 P. 2d 546). The evidence raised a factual issue whether appellant did conceal his identity for a particular purpose, and the fair import of all the instructions left this question for the jury's determination. The particular instruction as to the requisite intent before one may be convicted of possessing a burglary tool was based upon and agreeable to that recently approved in *State v. Hart,* 200 Kan. 153, 434 P. 2d 999, and we see no error in it.

Appellant also complains the trial court refused to give an instruction to the effect that circumstantial evidence must be so strong as to exclude every reasonable hypothesis except that of guilt. In one instruction the court did define circumstantial evidence as proof of one fact from which an inference of the existence of another fact may reasonably be drawn. Having done this, the court could well have supplemented the instruction as requested. However, in view of other instructions given, we cannot say failure to do so constituted prejudicial error. The jury was instructed as to each essential element of the crime charged, burden of proof, reasonable doubt and upon the necessity that each element of the alleged crime be proven beyond a reasonable doubt before appellant could be found guilty. This burden upon the state before a conviction could be had was reiterated throughout the instructions. The evidence was not of an involved or complex nature and, from both a legal and a practical standpoint, presented simple issues. We cannot see how, under the instructions, the jury could have been misled in its consideration of the evidence, to the prejudice of appellant.

Finally, appellant urges the evidence was insufficient to support the finding of guilt. Primarily he attacks the arresting officer's credibility upon such matters as his ability to see the object coming over the fence immediately preceding appellant and the subsequent finding of the crowbar in that area. Such an argument doubtless

was made to the jury whose business it was to determine such matters. Unfortunately for appellant the trier of the fact rejected appellant's somewhat questionable version of events and accepted that of the prosecution, as it was entitled to do. As already demonstrated, this verdict of guilt had ample support in the evidence both as to possession of the proscribed instrument and the requisite intent with which it was possessed. This ascertainment is the limit of our function upon appeal. We find nothing to justify disturbing the judgment and sentence appealed from and they are affirmed.

APPROVED BY THE COURT.