MILLS, *Plaintiff in Error*, v. POST.

1. **Trust Funds**: MINGLING WITH FUNDS OF TRUSTEE. When the subject matter of a trust has been turned into money or was originally money, and the means of ascertainment fail, owing to its being mixed and confounded with the mass of the estate of the trustee, the right to follow the property ceases, because that right depends on the power of identifying the original property through any change of its original forms.

2. ——: CASE ADJUDGED. A petition for the enforcement of a trust against funds in the hands of an administrator, alleged that the intestate, in his lifetime, received certain trust moneys which he deposited in bank in his own name as trustee, that he afterward took all of said moneys, except $159, and used and invested the same in his own business and mingled the same with his own estate, etc., and that at the time of his death there was in the hands of the intestate of said trust funds uninvested the said sum of $159, which the administrator was wrongfully withholding. On demurrer to the petition ; *Held*, that there was nothing in the averments in reference to the $159 which would take that part of the fund out of the operation of the foregoing rule.

*Error to St. Louis Court of Appeals.*

AFFIRMED.

*John P. Ellis* for plaintiff in error.

*Truman A. Post* for defendant in error.

NORTON, J.—This suit is before us upon writ of error prosecuted by plaintiff, from the judgment of the St. Louis court of appeals affirming the judgment of the circuit court.

The object of plaintiff's suit is to impress with a trust assets in the hands of defendant as administrator of Joseph Mills, deceased, to the extent of $3,000, and in support of the claim made that said assets are subject to the trust it is alleged in the petition that plaintiff placed in the hands of Joseph Mills, in his lifetime, $3,000 of trust money, which said Mills deposited in a bank to his credit as trustee, and " that said Mills thereafter, and in violation

of the trust did take the entire amount of said funds, except the sum of $159, and use and invest the same in his own individual business, and convert the same to his own use, and that amount as taken and used, then was and still is so mingled and confused with the individual estate of Mills, deceased, now in the hands of the administrator of said Mills, as to be incapable of separation from the general mass of assets now held by him; that at the time of the death of said Mills there was in his hands of said trust funds uninvested the said sum of $159, which is now wrongfully held by defendant who claims it as a part of said estate."

On demurrer the petition was held to be insufficient by the circuit court, and judgment was rendered accordingly, which on appeal to the St. Louis court of appeals, was affirmed on the ground that the averments in the petition forbade a recovery because of the operation of the following principle, viz: "When the subject matter of the trust has been turned into money, or was originally money, and the means of ascertainment fail, owing to its being mixed and confounded with the mass of the estate of the trustee, the right to follow the property ceases, because that right depends on the power of identifying the original property through any change of its original forms." The principle announced is supported by the authorities cited in the opinion reported in 7 Mo. App. 519.

It is insisted that the averments of the petition as to the sum of $159 are sufficient to take it, so far as that amount is concerned, from under the operation of the above rule. This position is fully and satisfactorily disposed of by Judge Bakewell in the opinion above referred to, in which he says: "That the allegation of the petition that at the time of the death of said Mills there was in his hands of said trust fund uninvested the sum of $159 which is now wrongfully held by defendant, is not equivalent to a statement that of the amount originally deposited by Mills $159 remained on deposit which had never been

withdrawn by him, and that this separate fund thus passed to his administrator and was still held by him."

Judgment affirmed, in which all concur.