THE STATE OF KANSAS v. WILLIAM HENRY SUPPE.

No. 11354.

1. RECEIVING STOLEN PROPERTY—*Defective Information.* An information alleged that the defendant knowingly and feloniously received into his possession personal property which had been stolen from the Carterville Mercantile Company, without averring whether said company was a corporation, joint-stock company, or partnership. *Held*, that the court erred in overruling a motion to quash the information.

2. ——— *Stolen in Another State.* A conviction may be had in this state of the offense of receiving stolen property, the defendant knowing the same to have been stolen, although the original theft may have been committed in another state.

Appeal from Cherokee district court; A. H. SKID-MORE, judge. Opinion filed May 6, 1899. Reversed.

*Charles Stevens*, county attorney, and *Charles W. Smith*, for The State.

*C. A. McNeill, E. W. Cantrill*, and *William F. Sapp*, for appellant.

The opinion of the court was delivered by

SMITH, J.: The appellant, William Henry Suppe, was charged in the information with having unlawfully, knowingly and feloniously received into his possession certain personal property which had been unlawfully and feloniously stolen, taken and carried away from the Carterville Mercantile Company, of Carterville, Mo., which he knew was stolen property at the time he received it, consisting of certain clothing, of the aggregate value of thirty-seven dollars, the property of the Carterville Mercantile Company aforesaid. A motion to quash this information upon the ground that the same did not state a public offense was overruled, and this action of the court is assigned as error.

This contention of the appellant must be sustained. The information does not disclose whether the Carterville Mercantile Company was a partnership, joint-stock company, or a corporation. While it bears a name appropriate to corporate existence, yet it may be that of a voluntary association of two or more individuals. Indeed, the proof offered at the trial of this case showed that said company was a partner-

ship composed of two individuals, but later, on the hearing of the motion for a new trial, a charter was produced showing that the same was a corporation organized and existing under the laws of the state of Missouri.

In the case of *State v. Mead,* 27 Vt. 722, the defendant was charged with obstructing, impeding and stopping the cars and engines of the Vermont Central Railroad Company. The court said :

"The expression 'railroad company' does not *ex vi termini* import that of necessity they must be a corporation under the laws of this state or any other state; and we cannot, unless it is so alleged, take judicial notice that such is the fact. This averment in the indictment would be sustained by proof that the railroad company was a voluntary association."

In the case of *People v. Bogart,* 36 Cal. 245, which was a prosecution for larceny, the ownership of the property was laid in the Wells-Fargo Express Company without any specification of the copartnership, if it was a partnership, or any allegation that the Wells-Fargo Express Company was a corporation, and it was held that the indictment was defective. A defendant should be apprised with certainty of the exact charge against him, sufficient to enable him to prepare his defense, and the ownership of property which he is charged with having stolen is an essential allegation.

In this state, if an offense be committed upon or in relation to any personal property belonging to several partners or owners, the indictment or information for such offense is sufficient if it allege such property to belong to any one or more of such persons or owners, without naming all of them. (Gen. Stat. 1897, ch. 102, § 74; Gen. Stat. 1889, ¶ 5189.) Thus, as regards partnerships, the common law has been abrogated, for

at common law the names of all the partners or joint owners must be stated. (*Commonwealth v. Trimmer*, 1 Mass. 476.) Hence, if the Carterville Mercantile Company was a partnership, it would seem, by virtue of this statute, to be necessary to allege at least that the property belonged to one of the partners, and that the mere use of the name in the information under which the partners conducted the business would be insufficient. Sometimes a single individual deals as a sole trader, using a name indicating a firm, and it is lawful for him to do so.

In *Wallace v. The People*, 63 Ill. 451, the accused was charged with having stolen property of the American Merchants Union Express Company. It was held that, in the absence of an averment that such company was a corporation, ownership of the property was defectively stated, and that a motion to quash the indictment should have been sustained.

In *Nassitts v. The State*, 36 Tex. Crim. 5, 32 S. W. 698, the defendant was charged with swindling and defrauding the First National Bank of Goliad. The judgment of conviction was reversed because the indictment nowhere alleged that said bank was an individual, partnership, joint-stock company, or corporation. See also *People v. Schwartz*, 32 Cal. 160 ; *Graves v. The State*, 63 Ala. 134.

We cannot appreciate the force of the argument made by the appellant to the effect that there is no statute making it punishable to receive stolen property here, knowing the same to have been stolen in another state. The statute covering the offense charged is broad enough to embrace larcenies committed anywhere. Further, in a prosecution for bringing stolen property into this state, the law makes the retaining possession of the stolen property here equiv-

alent to an original act of theft, and declares that it may be punished in the same manner as the original larceny. Every asportation of the property *animo furandi* is a new taking. (*McFarland v. The State*, 4 Kan. 68; *The State v. Price*, 55 id. 606, 40 Pac. 1000; *The State v. Wade*, 55 id. 693, 41 Pac. 951; Gen. Stat. 1897, ch. 100, § 88; Gen. Stat. 1889, ¶ 2559.) We think the appellant can be convicted for knowingly receiving stolen property, although the same may have been stolen in another state.

The court erred in refusing to sustain the motion to quash the information, and for that reason the judgment of the court below will be reversed.