No. 25,729.

THE STATE OF KANSAS, *Appellee,* v. HARRY STOY, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Robbery—Joint Defendants—Information Valid—Defendant Properly Convicted of Being Accessory After the Fact—No Election of Offenses Required.* In the first count of an information A and B were jointly charged with robbery; in a later count B alone was charged as an accessory after the fact in that he concealed and aided A in avoiding arrest and prosecution for the robbery, knowing him to be guilty. A was apprehended, pleaded guilty and was sentenced. On the trial of B, *held,* it was not error for the court to overrule a motion to quash the information because it charged separate and distinct felonies, nor to overrule a motion to require the state to elect on which count it would prosecute because the offenses charged are repugnant.

2. SAME—*Evidence of Acts and Conduct in Another State Competent.* In a prosecution for a crime committed in this state, evidence of acts and conduct of the parties while in another state is not for that reason incompetent when they tend to show the motive, intent or purpose of the acts in this state which it is charged constituted the crime.

Appeal from Chautauqua district court; GEORGE J. BENSON, judge. Opinion filed November 8, 1924. Affirmed.

*J. W. Dalton, J. E. Brooks, R. O. Robbins,* all of Sedan, for the appellant.

*Charles B. Griffith,* attorney-general, and *Ralph R. Rader,* county attorney, for the appellee.

The opinion. of the court was delivered by

HARVEY, J.: Appellant was charged in an information containing four counts. The first count charged appellant and Martin Sanders with robbery from the person by putting in fear; the second charged appellant and Sanders with grand larceny; the third charged appellant with being an accessory after the fact of a robbery from the person committed by Sanders; and the fourth charged appellant with being an accessory after the fact of grand larceny committed by Sanders. Appellant was found guilty on the third count and appealed, and contends that his motion to quash the information for misjoinder and his motion to require the state to elect upon which count it would proceed to trial should have been sustained, that improper evidence was admitted and that the evidence is not sufficient to sustain the verdict.

On March 1, 1923, appellant and others were engaged in an out-

The State v. Stoy.

door poker game in the southern part of Chautauqua county. One Martin Sanders was playing for a while, but quit the game, went away and came back in a half hour or so. When he came back, instead of again engaging in the game, he pulled a revolver and told the men engaged in the game to throw up their hands, then told this appellant to pick up the money, which appellant did after some remonstrance and after having been threatened by Sanders, and appellant gave the money, about $125, to Sanders. Sanders then told appellant to go through the pockets of the other men, which he did, but did not take any money therefrom. Sanders then commanded all of the men, "You fellows all get up the hollow." Appellant started with the others. Appellant had a Ford roadster and it was the only automobile there. Sanders called him back, told him to get in the car. Sanders got in with him and they drove over into Oklahoma. After they were in Oklahoma a mile or two they stopped the car and Sanders gave appellant part of the money. Appellant and Sanders stayed in Oklahoma most of the time for two or three days; drove up to Caney, Kan., and got some whisky and went back to Oklahoma to a dance.

The next day after the robbery Sanders was anxious to know whether or not he was likely to be arrested in Kansas. Appellant drove up to the county seat of Chautauqua county, made inquiries, and found a warrant was issued for Sanders; went back to Oklahoma and advised Sanders of that fact. Sanders concluded it was not safe for him to be staying around too close and that he had better get farther away to avoid arrest and prosecution, and at his request, appellant took his car and drove Sanders through Chautauqua county to the station of Hoosier in Cowley county, where Sanders could catch a train and get out of the country. Sanders was later apprehended, pleaded guilty and was sentenced, so at the time of the trial appellant alone stood charged by the information.

Appellant filed a motion to quash the information "for the reason that there is improperly joined in said information separate and distinct felonies." There was also a motion to require the state to elect upon which count it would proceed to trial. These motions were overruled and appellant complains of that ruling. The offense defined by R. S. 21-106, of having concealed any offender after the commission of any felony, or of having given to such offender any other aid, knowing that he has committed a

felony, with the intent and in order that he may escape or avoid arrest, trial, conviction or punishment, is a separate and distinct offense from that committed by the person who is aided or concealed. It does not partake of the nature of the other offense, nor is it a degree of it. (1 R. C. L. 152.) It is an offense which does not depend on whether the offense of the person concealed or aided was murder, arson, larceny or some other offense known to the law, and one court (*State v. Christian*, 253 Mo. 382) has held specifically that the two offenses cannot be charged in the same information, even in separate counts. The reason given in that case for the holding is not, however, very convincing. It is said that such was the rule at common law and should be followed unless changed by statute.

But this reasoning seems not to be sound. In 2 Hawkins' Pleas of the Crown, ch. 29, § 47, it is said:

"It seems to be settled at this day, that if the principal and accessory appear together, and the principal plead the general issue, the accessory shall be put to plead also; and that if he likewise plead the general issue, both may be tried by one inquest."

And in the note it is stated:

"Where the principal and accessory are tried by the same inquest, the accessory may enter into the full defense of the principal, and avail himself of every matter of fact, and of every point of law tending to his acquittal. . . (*M'Daniel's Case*, Foster, 121, 10 State Trials, 417."

In *Rex v. Blackson*, 8 C. & P. 43, it was held that a defendant may be charged as an accessory before the fact in one count, and as accessory after the fact in another count, to the same felony, without putting the prosecutor to his election, and may be convicted on both counts.

To the same effect is *Rex v. Mitchel*, 6 St. Tr., n. s., 599, 620, 621.

In *Rex v. Brannon*, 14 Cox 394, it was said that where the defendant was charged as principal in one count, and as accessory after the fact in another count, to the same felony, the prosecution was compelled to elect upon which count they would proceed.

But this decision was criticised in *Rex v. Tuffin*, 19 Times, L. R. 640, where it was held upon a similar indictment that the decision of *Rex v. Blackson* should be preferred to that in *Rex v. Brannon*.

In Archbold's Criminal Pleading, 24th ed., 1452, is given the form of the indictment used in English practice where one person is charged with the principal offense and others are·charged as accessory after the fact in the same count, as follows:

The State v. Stoy.

"[After stating the offense of the principal, and immediately before the conclusion of the indictment, charge the accesory after the fact thus:] And the jurors aforesaid, upon their oath aforesaid, do further present, that J. W. [X. Y. and A. B.] well knowing the said J. S. to have done and committed the said felony in form aforesaid, afterwards, to wit, on the day and year aforesaid, him the same J. S. did feloniously receive, harbour and maintain; against the form, etc."

In *Bulloch v. State*, 10 Ga. 47, it was held:

"The principal offender and accessories after the fact may be properly included in the general count in the indictment, and when so charged in the manner prescribed by the penal code of this state the charge against the principal and the charge against the accessories will not be considered as separate and distinct counts, but the accusation against all will be considered as embraced in one count." (Syl. ¶ 6.)

In *State v. Barbage*, 51 S. C. 284, it was held:

"One count in an indictment charging the defendant with murder, and another count charging him as accessory after the fact, are not misjoinders nor are they repugnant." (Syl. ¶ 2.)

In *Tully v. Commonwealth*, 74 Ky. 154, 157, in speaking of an accessory after the fact at common law, it was said:

"The mode of proceeding was to indict the principal and accessory jointly, and unless proceeded against in this manner no indictment could be maintained against accessory until the principal had been tried and convicted."

In *Bishop v. The State*, 118 Ga. 799, it was held:

"Principals in the first and second degree and accessories before and after the fact may all be joined in the same count." (Syl. ¶ 5.)

To charge a principal in one count and accessory after the fact in another appears to be a common practice. (*State v. Neddo,* 92 Maine 71; *State v. Butler,* 17 Vt. 145, 150; *Blakely v. State,* 24 Tex. App. 616.)

The accessory after the fact may, of course, be charged in a separate information (*State v. King,* 88 Minn. 175), and in this state may be tried whether the principal has been tried or charged. (R. S. 62-1017.)

In view of the above authorities we decline to follow *State v. Christian,* 253 Mo. 382.

A question very closely akin to the one here presented, though not exactly the same, was decided by this court in *The State v. Blakesley,* 43 Kan. 250, 23 Pac. 570, where it was held:

"Counts for grand larceny, and for unlawfully and feloniously receiving the stolen property described in the count for larceny, may be properly joined in the same information or indictment."

There is another rule of criminal proceedings well established and of long standing, that when a prosecutor is uncertain whether the evidence pertaining to a specific transaction would show the defendant guilty of one offense or of another, he may in the same information charge the two or more offenses in separate counts. This rule applies to this case, for had the defendant been on trial charged only with the first or second count of this information, all of the evidence introduced in this trial would have been competent to show his connection with the transaction, and the same would have been true had he been on trial charged only with the third or fourth count of the information. In this case the court instructed the jury that the defendant could be found guilty only upon one of the counts in the information, and it was for the jury to determine, under all the facts and circumstances as disclosed by the evidence, under which one of the counts, if any, the defendant was guilty. Possibly this was error in favor of the defendant, but the state has not raised the question. The rights of the defendant were fully protected; hence the error, if there was one, was at the most only a technical error which would not justify a reversal. (R. S. 62-1718.)

Appellant complains of the admission of evidence. After he was arrested he made a written statement reciting the manner in which the robbery occurred, and somewhat in detail what he and Sanders did the two or three days following the robbery, most of which occurred in Oklahoma. Appellant's contention is that the part of the statement describing what took place in Oklahoma was incompetent for the reason that appellant could not be prosecuted for what took place in another state. There is no merit in this contention. Appellant was not convicted for what took place in Oklahoma. What took place in Kansas was ample to justify his conviction. He came to Kansas to ascertain whether or not a warrant had been issued for Sanders and went back to advise him what had been learned. More than that, he took Sanders to the train to enable him to get out of the country to escape arrest and prosecution, and in doing so brought him through Chautauqua county, Kansas. What he did in Kansas to conceal and aid the escape of Sanders is the thing for which he was tried and convicted. The evidence concerning what they did in Oklahoma was competent to show the intent and purpose of the acts which were done in Kansas. Lastly, appellant argues that the evidence was not sufficient to sustain a conviction. From what has been heretofore said, there is no merit in this contention.

The judgment of the court will be affirmed.