No. 28,866.

THE STATE OF KANSAS, *Appellee,* v. P. J. MCGINLEY, *Appellant.*

(286 Pac. 399.)

Opinion denying a rehearing filed April 5, 1930. (For original opinion of affirmance see 129 Kan. 655, 284 Pac. 384.)

*J. E. Gaitskill,* of Girard, and *C. S. Denison,* of Pittsburg, for the appellant.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, *Thomas D. Winter,* county attorney, and *B. W. Weir,* assistant county attorney, for the appellee; *E. W. Patterson* and *C. A. Burnett,* both of Pittsburg, of counsel.

The opinion of the court was delivered by

BURCH, J.: In a petition for rehearing defendant presents a matter not urged in the original brief, and of course not referred to in the original opinion. The information contained nine counts, and defendant was convicted on the ninth count only. The third count charged that defendant, with intent to deceive the bank examiner, willfully misapplied money, funds and credits of the bank, by accepting, receiving and purchasing three notes totaling $10,500, which were not genuine obligations, and which were credited to the account of the oil company. The notes referred to in this count were those referred to in the original opinion as fictitious. Defendant was acquitted on·the third count, and the contention is every fact put in issue by the plea of not guilty to the third count was conclusively determined in his favor. The contention is un-

sound. Defendant may have been acquitted on the third count because just one material fact alleged was found in his favor—that defendant did not accept or receive or purchase the notes. The fact was he made them himself. Besides that, the issues in the two counts were not identical, *res judicata* may not be invoked, and the principle applies which was discussed at length in the opinion in the case of *State v. Jackson*, 121 Kan. 711, at pages 714 and 715, 249 Pac. 688.

The petition for rehearing reargues the whole subject of concealment. In the course of the argument defendant makes much of a statement contained in the original opinion to the effect the error entries of May 25 "exposed" the true condition of the oil company's account. The word "exposed" was not used in the active sense of an exposer revealing something to a beholder. What was meant was that the oil company's account on the ledger was again overdrawn, and in view of the banking department's complaint of overdrafts, a searching investigation might lead to discovery of the embezzlement. Defendant knew very well the next bank examination would not extend to a complete audit of the bank's books. There was nothing new in the fact that the oil company's account was overdrawn, and there is no evidence in the record to support defendant's contention that the examiner who examined the bank in June knew the oil company's overdraft was due to reversal of a false entry.

After reconsidering the entire case the court remains of the opinion the crime charged was effectively concealed by a series of acts designed by defendant to conceal.

The petition for rehearing is denied.

JOCHEMS, J., not participating.