No. 29,756.

THE STATE OF KANSAS, *Appellee*, v. GUY L. LOVELL, *Appellant*.

(297 Pac. 685.)

Opinion filed April 11, 1931.

*R. E. Angle,* of Wichita, for the appellant.

*Roland Boynton,* attorney-general, *R. O. Mason,* assistant attorney-general, *George L. Adams,* county attorney, and *J. R. Mayall,* deputy county attorney, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This is an appeal from a judgment of conviction and sentence for the crime of forgery.

Defendant and two other persons were jointly charged in two counts with the offenses of forging the signature of R. K. Skeen to a check for $37.50 drawn on the First National Bank of Wichita, and with uttering it.

Defendant was given a separate trial and found guilty on the count charging forgery and acquitted on the count which charged him with uttering the forged instrument.

Judgment and sentence being imposed upon him accordingly, he assigns certain errors:

1. Our attention is first directed to the fact that one of appellant's codefendants pleaded guilty to forging the check and is now serving a term in the penitentiary therefor. On appeal such a fact is of little consequence. Two or more persons may commit the crime of forgery, just as they jointly commit the crime of murder, or the theft of an automobile; and the fact that one such person pleads guilty of the offense or is convicted of its commission does not go far towards the exculpation of his codefendant. In *State v. Close,* 130 Kan. 497, 287 Pac. 599, it was said:

"It seems needless to elaborate on the proposition that more than one person may participate in the theft of an automobile, and the fact that one of them confesses his guilt contributes little or nothing towards the exculpation of the others." (p. 498.)

2. It is next contended that there was no evidence to prove that this defendant forged the check. That isolated fact was not important. In *State v. Phares,* 120 Kan. 172, 243 Pac. 266, it was said:

"To sustain a charge of forgery it is not necessary to prove the manual execution of the false signature by the defendant. The unexplained fact that the defendant had possession of the forged instrument knowing its character, with intent to pass it, with other circumstances here present, was sufficient to justify an inference that he forged it." (Syl. ¶ 2.)

Here there was evidence that this defendant was in the company of his two codefendants in the home of a witness when they were practicing at writing the signature of R. K. Skeen, that defendant

had possession of the forged check and pretended that his name was Bill Burton, the named payee of the check and inferably a fictitious person, and that this defendant presented the forged check at the bank and received the money, $37.50, therefor.

These facts and circumstances were quite sufficient to take the case to the jury. In *State v. Earley,* 119 Kan. 446, 451, 239 Pac. 981, it was said:

"Possession of a forged instrument by one who utters or seeks to utter it, or otherwise to realize on it or profit by it, without a reasonable explanation of how the possessor acquired it, warrants an inference that the possessor himself committed the forgery or was a guilty accessory to its commission." (Syl. ¶ 3.)

Our attention is directed to the fact that although defendant did not take the stand to deny or explain his possession of the forged check, his mother and sister testified that he was with them at home on the day when his codefendants were practicing at writing the signature of R. K. Skeen at the home of a witness for the state. But that matter merely presented a dispute of veracity between witnesses which was settled by the jury's verdict.

3. Another point raised by appellant is that there was no testimony that the check was signed without authority of R. K. Skeen, and he invokes the rule announced in *State v. Swan,* 60 Kan. 461, 56 Pac. 750, which makes evidence to that effect a requisite to conviction. The evidence bearing on this point was given by the state's witness whose name had been forged to the check. He testified:

"Q. I hand you state's exhibit A, a check for the sum of $37.50, and ask you to state if that is your signature. A. It is not.

"Q. Did you ever write or issue that check? A. No, sir; I did not.

"Q. Or give it to anyone for the purpose of passing? A. No, sir.

.    .    .    .    .    .    .    .    .    .    .    .    .

"(Exhibit A read to the jury. . . .)

"Q. Do you know a man by the name of Bill Burton? A. No, sir; I don't.

"Q. Did you have a checking account at the First National Bank at that time? A. I did.

"Q. In fact you never saw Mr. Lovell before the preliminary hearing downstairs? A. No, sir."

The bank teller testified that defendant assured him that he was Bill Burton.

This evidence was quite sufficient to show that Skeen's name had been written on the check without his authority, since the jury saw fit to give it credence.

4. Another point urged by defendant is that since the jury ac-

quitted him on the count which charged him with uttering the forged check, all the evidence pertaining to that count must be rejected as of no probative value on the count pertaining to the forgery. It must be admitted that we do not have to delve very deeply into the old law books to find support for that doctrine. But it is one which the good sense of twentieth century jurists has largely discarded. It has been repudiated by this court. Since there was sufficient testimony adduced to make a *prima facie* case of forgery against the defendant, the fact that the jury did not attach proper significance to that testimony in the consideration of the second count of the information, where it was equally probative, is of no importance in considering legal questions which arise from the conviction on the forgery count. In *State v. Brundige,* 114 Kan. 849, 220 Pac. 1039, where the state's evidence clearly established that defendant was guilty of the offenses of larceny and burglary or he was guilty of neither, it was held that he could not take advantage of his acquittal on the burglary charge to get rid of the verdict against him on the charge of larceny. This court said:

"It is urged that the jury were inconsistent in finding the defendant guilty of burglary and not guilty of larceny, and that the conviction should therefore be set aside. The charge of inconsistency is well founded. Undoubtedly the defendant was guilty of both burglary and larceny or he was not guilty of either. But the failure to convict him of larceny as well as of burglary was an error in his favor of which he cannot effectively complain. (*The State v. Brizendine,* ante, p. 699.) The jury may have seen fit to relieve the defendant of punishment for larceny as an act of clemency. The situation is much the same as where under evidence showing the defendant to be guilty of a greater offense, if of any at all, the jury finds him guilty of a lesser one included within it, the verdict being permitted to stand because the error does him no possible injury. (*State v. Yargus,* 112 Kan. 450, 211 Pac. 121.)" (p. 852.)

Other recent cases which deal with this feature of criminal law are *State v. Jackson,* 121 Kan. 711, 714, 715, 249 Pac. 688, and citations; *State v. McGinley,* 130 Kan. 306, 286 Pac. 399; *State v. Taylor,* 130 Kan. 813, 288 Pac. 731.

5. Error is also assigned on the admission of testimony given in rebuttal by a witness for the state which, appellant contends, could only have been properly given when the state's evidence was presented in chief. Permission for the state to reopen its case was not formally asked nor granted, but it is not clear that timely objection was made to this testimony, and this evidence, although probative on the case in chief, was also competent on rebuttal to controvert

testimony given in defendant's behalf touching his whereabouts when his codefendants were practicing on the signature of R. K. Skeen.

6. Yet another error is assigned on the instructions, one of which in stating the pertinent law touching the crime of forgery, in the opinion of appellant's counsel, failed to include the necessary element that the act charged must have been done with intent to defraud. As this court has often said, it is not required and frequently would not be proper to crowd all the pertinent law of a case into a single instruction. It is often better, and much less confusing, to formulate the requisite instructions in several paragraphs; and these should be read and construed together not only by the jury in its deliberations, but also by counsel for appellant before predicating error on their insufficiency.

7. Error is also assigned on the trial court's failure to give an instruction touching the proper signification which the jury should accord to circumstantial evidence. The state's evidence was chiefly direct and positive, not circumstantial; no such instruction was requested; its omission was not called to the trial court's attention in the motion for a new trial; those given are not submitted in full for our review. In such situation error based on this point cannot be sustained.

Some other matters discussed in the appellant's brief have been duly noted, but they disclose nothing of sufficient consequence to affect the judgment, and it is therefore affirmed.

SLOAN, J., not participating.