## No. 30,787.

THE STATE OF KANSAS, *Appellee,* v. LOREN D. PHILLIPS, *Appellant.*

(15 P. 2d 408.)

Opinion filed November 5, 1932.

F. J. Oyler, G. R. Gard, both of Iola, and Ray S. Pierson, of Burlington, for the appellant.

Roland Boynton, attorney-general, Everett E. Steerman, assistant attorney-general, and Joe Ralston, Jr., county attorney, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: The defendant was convicted of robbery, from which judgment of conviction he appeals.

The information, omitting the formal parts, was as follows:

"Count No. 1. That on the 27th day of February, A.D. 1931, in the county of Coffey and state of Kansas, one Loren D. Phillips then and there being, did then and there unlawfully, willfully and feloniously enter the premises of the First National Bank of Le Roy, Kan., a banking corporation duly organized and existing under and by virtue of the laws of the United States, with the intent then and there unlawfully, willfully and feloniously to hold up and rob the said First National Bank of Le Roy, Kan., and the persons therein of money, currency, silver, gold and other things of value belonging to and in the custody of the said First National Bank of Le Roy, Kan.

"Count No. 2. That on the 27th day of February, A.D. 1931, in the county of Coffey, and state of Kansas, one Loren D. Phillips, then and there being, did then and there unlawfully, willfully and feloniously take, in the presence of Lon Watson, and against his will and without his consent, the sum of $4,875.45, the same being gold, silver, money and currency, good and lawful money of the United States, and of the value of $4,875.45, by then and thereby putting him, the said Lon Watson, in fear of some immediate injury to his person, said money at the time of taking as aforesaid being in the possession and under the control of the said Lon Watson as cashier of the First National Bank of Le Roy, Kan., and being the money and property of the said First National Bank of Le Roy, Kan."

The defendant moved to quash the information for the reason, among others, that it was bad for duplicity; that it attempted to charge more than one offense and that the counts were inconsistent with each other. The motion was overruled and the defendant entered a plea of not guilty.

On the morning of February 27, 1931, at about 9:30 o'clock, shortly after the First National Bank of Le Roy opened for business, three men driving a Chevrolet coupé stopped in front of the bank. Two of the men entered the bank, drew guns and directed the cashier and the customers who were in the bank to go behind the counter and lie on the floor face down. The vault was opened and $4,875.45

was taken. They took all of the silver fractional money. Nickels and pennies were not taken. They compelled the assistant cashier and a customer who entered the bank during the robbery to get in the automobile with them. The man who remained on the outside of the bank stepped on the running board and they drove away. After driving some distance the assistant cashier and the customer were released and the robbers proceeded on their way. A few days after the robbery a search was made of appellant's home, and in a sack in the flue of the house silver money was found, consisting of dollars, half dollars, quarters and dimes. There were no nickels or pennies. He made no explanation and was arrested. A witness identified the three men who came to the bank in the Chevrolet coupé as Glenn Cannon, Elmer Higgins and the appellant. Cannon was tried and convicted at a former term of the court. The appellant was identified by four witnesses as the man who remained on the outside of the bank during the robbery, and by two witnesses as one of the three men in the automobile leaving the scene of the robbery. The defense was an alibi. One witness who saw the bandits driving up to the bank testified that the appellant was not one of them. There was other testimony to the effect that he was working in the field on a farm at the time of the robbery. The appellant's wife testified that on the day of the robbery Higgins came to their house and put the money in the chimney and said that he would come back after it. He told the appellant and his wife that if they did not keep still he would come back and shoot them. The jury found the appellant guilty on the second count of the information, and not guilty of the offense charged in the first count.

Appellant contends that the court erred in denying his motion to quash the information. He argues that the information was fatally defective in that it did not allege that the bank was a corporation. He insists that the case of *State v. Suppe,* 60 Kan. 566, 57 Pac. 106, is controlling on this question. The Suppe case was decided in 1899, and it was there held that an information which failed to state the character of the owner of the property, whether corporation, joint stock company or partnership, was defective. The question was again before this court in the case of *State v. Toliver,* 109 Kan. 660, 202 Pac. 99. The Suppe case was cited and discussed, and the court said:

"The weight of authority is that, in charging burglary of corporate property.

it is not necessary to allege incorporation (Note, 12 Ann. Cas. 683), and the same rule should apply to larceny committed in connection with burglary." (p. 667.)

The Suppe case is not expressly overruled by the Toliver case, but the court refused to follow the principle announced in the Suppe case, which had the effect of overruling that decision. The purpose of naming the owner of property in an information is to identify the property, and this is certainly accomplished in the information. It is alleged that the property was owned by the First National Bank of Le Roy, Kan. A national bank is a body corporate under the federal statute. (Title 12 U. S. C. A. p. 13, § 24.) The name itself carries the implication that it is a corporation and it was not necessary to make the specific allegation in the information.

It is next contended that the court erred in failing to submit to the jury the offense of accessory after the fact. The offense of being an accessory after the fact is defined by the statute (R. S. 21-106), and is a separate and distinct offense. It is no part of any other offense nor is it any degree of any other offense. (*State v. Stoy,* 117 Kan. 124, 230 Pac. 335.) Consequently it was not included in the crime charged in the information. An instruction concerning an offense that is not charged in the information on which the defendant is being tried is improper, and it is not error for the court to refuse to give such instruction. (*State v. Hobl,* 108 Kan. 261, 194 Pac. 921.) If the evidence was insufficient to support the offense charged in the information or an offense included therein, the defendant should have been discharged. He cannot be tried for an offense not included in the information.

It is further contended that the evidence does not show that the appellant actually participated in the crime. Witnesses identified him as the person who came to the scene of the robbery with the bandits and who departed with the men who had the money. The court properly instructed the jury that in order for the appellant to be guilty of the offense of aiding and abetting, they must believe from the evidence, beyond a reasonable doubt, that prior to the commission of the offense the appellant advised, or in some way planned or helped to plan the commission of the crime charged. If he did this, under our statute he was a principal. (R. S. 62-1016; *State v. Irwin,* 133 Kan. 509, 300 Pac. 1098.) It is argued that the identification of the appellant was very indefinite and uncertain.

The identification made by the witnesses was based upon their judgment and it was so expressed. The testimony was weakened to considerable extent on cross-examination. This, however, went only to the weight of the testimony. The uncertainty of witnesses only affects the weight to be attached to their testimony, and does not affect its competency. (*State v. Shaw,* 108 Kan. 781, 197 Pac. 208.) The jury had the opportunity of seeing and listening to the witnesses, and it appears to have accepted their testimony as true. If true, when considered with all the other circumstances, it was sufficient to support the verdict.

It is next contended that the verdict of guilty on the second count is inconsistent with the verdict of not guilty on the first count, and that by reason thereof the verdict cannot stand. This court has repeatedly held against this contention. It is without merit. (*State v. Brundige,* 114 Kan. 849, 220 Pac. 1039; *State v. Jackson,* 121 Kan. 711, 249 Pac. 688; *State v. Taylor,* 130 Kan. 813, 288 Pac. 731; *State v. Lovell,* 132 Kan. 759, 297 Pac. 685. See, also, *Dunn v. United States,* 284 U. S. 390, 52 Sup. Ct. 189, 190; *Crane v. People,* [Colo.] 11 P. 2d 567.)

The judgment of the district court is affirmed.