No. 31,279

The State of Kansas, *Appellee,* v. Richard McAlister, *Appellant.*

(33 P. 2d 314.)

Opinion filed June 9, 1934.

*Eustace. Smith,* of Hutchinson, for the appellant.

*Roland Boynton,* attorney-general, *Everett E. Steerman,* assistant attorney-general, and *L. C. Brown,* county attorney, for the appellee.

The opinion of the court was delivered by

Thiele, J.: Defendant appeals from a conviction for stealing an automobile. His claims of error will be discussed in the order presented.

It appeared that the information on which defendant went to trial charged that the automobile belonged to "Mrs." George Wheeler. While the state was presenting its proof, the county attorney advised the court that at the preliminary hearing it was developed the car belonged to George Wheeler, and permission was asked to amend to

show Mr. George Wheeler instead of Mrs. George Wheeler as owner. Colloquy between court and defendant's counsel followed his objection to an amendment, in which it developed defendant had no reason to believe that any different automobile was referred to than that in the information as originally drawn. The court then called attention to the transcript of the proceedings at the preliminary hearing which showed that defendant was bound over for trial for stealing the car of George Wheeler, and that in its opinion no prejudice could be predicated upon permission to so amend, and—

"The state can strike out the abbreviation 'Mrs.' in the information, because it is there simply as a matter of form and not of substance."

Defendant relies principally on *State v. Taylor,* 15 Kan. 420, which is not in point. There the question was variance between pleading and proof, it being held that where the information charged larceny of the property of Michael Wandler, evidence that the property belonged to J. M. Wandler would not sustain a verdict against the defendant. He also relies on *State v. Adler,* 119 Kan. 757, 241 Pac. 119, in which it was held that, in a prosecution under the nuisance clause of the liquor laws, after trial was begun it was error to permit an amendment to describe entirely different premises from those originally charged.

In *State v. Morris,* 131 Kan. 282, 291 Pac. 742, the information contained the name of the sheriff instead of that of the county attorney, as informant, and, in the opinion, it was said:

"After arraignment and the impaneling of the jury, and when the first witness was called, the question of the sufficiency of the information was raised. Then the county attorney asked and obtained leave to amend the information by substituting his own name for that of Griffith. The amendment, a mere matter of form, did not embarrass the defendant in making his defense, and besides, the allowance of the amendment was a matter within the discretion of the court. An amendment of substance as well as of form is permissible after a plea of guilty. (*State v. Chance,* 82 Kan. 388, 108 Pac. 789.) Indeed, amendments have been allowed and upheld after one trial of a defendant has been had and a new trial has been granted. (*State v. Hart,* 33 Kan. 218, 6 Pac. 288; *State v. Spendlove,* 47 Kan. 160, 28 Pac. 994.) There was no error in the ruling." (p. 283.)

In the case before us it is apparent that at the preliminary hearing the name of the true owner of the car was disclosed; it appears also that defendant's counsel did not see the information until the day the trial started, so it must be assumed they prepared their defense on the assumption the information would agree with the

proof offered at the preliminary hearing. Under R. S. 62-1718 judgment on appeal must be given without regard to exceptions which do not affect the substantial rights of the defendant. There is no showing here that the defendant was prejudiced in any manner by the amendment.

During the course of the trial a certain record of purchases claimed to have been made by the defendant at a particular garage in Wichita was offered by the defendant as supporting his claim that he did not participate in stealing the car. The evidence showed that this slip was dated in an electric clock which showed the day and hour of the purchase. There was controversy as to whether this slip had been altered. There was no claim that the clock did not operate properly; the sole question was whether the dated slip had been altered to show a different date. In that connection, on rebuttal, a police officer was qualified as an expert on finger and other prints and testified, over objection, that in his opinion the date on the slip had been altered. The defendant then requested that the jury be taken from Winfield, where the trial was being held, to Wichita, where the clock was used in the garage where the claimed repairs were made, in order that the jury might inspect the clock. The court refused the request, and thereafter an officer of the garage company was called by the defendant and testified as to operation of the clock and that it would be impossible to change a date on the slip by use of the clock. In view of the issue, there was no occasion for the court to send the jury to see the electric clock.

Complaint is made as to the qualification of the police officer to testify as an expert. While he is referred to in the brief in rather uncomplimentary terms, the fact remains that he qualified as an expert. The extent of his training and experience was before the court and jury and the weight to be given his testimony was for the jury.

Defendant complains of the fourth and fifth instructions to the jury. The fourth instruction pertained to defendant's being an accessory before the fact, and the fifth was as to conviction on circumstantial evidence. It would serve no purpose to set out in detail the evidence warranting these instructions. There was evidence that the automobile was stolen by two persons. Within three hours after it was stolen in Arkansas City, it was wrecked west of Wichita, and defendant and his brother, who was badly injured, were in it. A passerby took them to a hospital in Wichita, where

defendant gave a fictitious name for himself; and his brother, who did likewise, shortly thereafter died.

Defendant left the hospital, and within two hours was arrested and later gave accounts of his whereabouts during the night to various persons which were contradictory of the proof he offered on trial. There was also evidence connecting him with possession of a bag containing tools to change engine numbers and a device to permit operation of cars without the use of the ignition switch. On cross-examination defendant admitted he was out on bond from the United States district court awaiting trial for stealing automobiles, and that he had been arrested in Hutchinson for a like offense, and that he had been arrested in Wichita a number of times. While defendant contends that the giving of the instructions was "highly prejudicial," he fails to point out in any particular where they were erroneous. In our view, under the state's theory of the case and under the evidence, the instructions were proper.

Defendant's counsel filed no request for instructions, but immediately after the court instructed the jury, they orally "requested the court to give the usual instruction regarding an accessory after the fact," which request was refused. It is not clear just what instruction defendant desired, but if he wanted an instruction under R. S. 21-106, it was properly refused, for an offense thereunder is a separate and distinct offense from that committed by the person who is aided; it does not partake of the nature of the other offense nor is it a degree of it. In State v. Phillips, 136 Kan. 407, 15 P. 2d 408, it was said:

"It is next contended that the court erred in failing to submit to the jury the offense of accessory after the fact. The offense of being an accessory after the fact is defined by the statute (R. S. 21-106), and is a separate and distinct offense. It is no part of any other offense nor is it any degree of any other offense. (State v. Stoy, 117 Kan. 124, 230 Pac. 335.) Consequently it was not included in the crime charged in the information. An instruction concerning an offense that is not charged in the information on which the defendant is being tried is improper, and it is not error for the court to refuse to give such instruction. (State v. Hobl, 108 Kan. 261, 194 Pac. 921.) If the evidence was insufficient to support the offense charged in the information or an offense included therein, the defendant should have been discharged. He cannot be tried for an offense not included in the information." (p. 410.)

It is further argued that the trial court was hostile and that the defendant was prejudged by the court. This opinion might be extended to set out each remark the court made which might be the

basis of defendant's claim. We have gone over the record carefully and fail to find that any objection was made to any statement of the court. Such statements as it did make were in instances favorable to rather than against the defendant. But whatever the court may have said and whatever its claimed effect may have been, there is no showing that the matter was presented to the trial court on a motion for a new trial. Waiving that defect for the moment, the situation presented here received the attention of this court in *State v. Keehn*, 85 Kan. 765, 784 *et seq.*, 118 Pac. 851, and will not here be repeated.

A review of the entire record fails to disclose any error affecting the substantial rights of the defendant, and the judgment of the lower court is therefore affirmed.