No. 31,760

THE STATE OF KANSAS, *Appellee*, v. L. E. PARSONS, *Appellant.*

(33 P. 2d 1096.)

Opinion filed July 7, 1934.

*Dennis Madden,* of Topeka, and *C. L. Thompson,* of Hoxie, for the appellant.

*Roland Boynton,* attorney-general, *Everett E. Steerman,* assistant attorney-general, and *W. H. Clark,* county attorney, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The defendant in this action appeals from a conviction and sentence for forging and uttering three checks on the Hoxie State Bank, and assigns many errors of the trial court, the first one being the overruling of defendant's motion to quash the information on the ground of its being indefinite and uncertain and because it did not state facts sufficient to constitute a public offense.

There were three counts of forgery in the second degree under R. S. 21-608, all three checks being made payable to Sears, Roebuck & Company for different amounts and purporting to have been signed by R. E. Little, B. C. Runyon and Dr. S. E. Rice, respectively. The forgery counts follow the language of the statute generally, but do not state that the checks were drawn on an incorporated bank, as stated in the statute, and do not state whether Sears, Roebuck & Company was a corporation or a firm.

The case of *State v. Washington,* 259 Mo. 335, is cited by appellant as being especially in point as our statute on forgery is substantially the same as that in Missouri, and there it was held by a divided court that the information which did not charge that the bank on which it was drawn was incorporated was not sufficient to charge forgery. This case is cited in two later cases, *State v. Stegner,* 276 Mo. 427, and *State v. Hascall,* 284 Mo. 607. In the latter case it was held not to be error to have permitted the word "corporation" to be substituted in the information for the word "institution" after the jury had been sworn.

R. S. 9-101 provides for the incorporation of state banks. R. S. 9-102 requires that the name selected for every such bank shall include the word "state." R. S. 9-147 provides that the word "state" shall not be a part of the name of any private bank in this state. R. S. 9-165 provides that private banks may transact a banking business in this state without being incorporated. Under these statutes every state bank in this state using the word "state" as a part of its name must be an incorporated bank, as it was stated on page 410 in the case of *State v. Phillips*, 136 Kan. 407, 15 P. 2d 408, concerning a national bank that it necessarily was an incorporated bank because of a similar federal statute. Therefore, when the information charged the forging of checks on the Hoxie State Bank it definitely and specifically charged they were drawn on an incorporated bank.

As to the charges in the information being insufficient and indefinite in the references made therein to Sears, Roebuck & Company, the case of *State v. Suppe*, 60 Kan. 566, 57 Pac. 106, is cited by appellant, where it was held:

"An information alleged that the defendant knowingly and feloniously received into his possession personal property which had been stolen from the Carterville Mercantile Company, without averring whether said company was a corporation, joint-stock company, or partnership. *Held,* that the court erred in overruling a motion to quash the information." (Syl. ¶ 1.)

This decision was carefully considered in two comparatively recent cases in this court, the first being a burglary case and the second a robbery case, where the following determinations were reached on this question:

"In an information for burglary of a store and for larceny committed in connection with the burglary, ownership of the store and goods was alleged to be in 'The Durnil Dry Goods Company.' *Held,* it was not necessary further to identify the owner by stating whether the company were a corporation or a partnership." (*State v. Toliver,* 109 Kan. 660, syl. ¶ 4, 202 Pac. 99.)

"Where an information charging robbery alleges that the money taken was the property of the First National Bank of Le Roy, Kan., it is not necessary to allege that such bank was incorporated." (*State v. Phillips,* 136 Kan. 407, syl. ¶ 1, 15 P. 2d 408.)

The case of *State v. Wahl*, 118 Kan. 771, 236 Pac. 771, was a forgery and uttering case like the one at bar, and it was there said in the opinion:

"It is contended that the first count of the information was defective in that it did not allege the name of the person intended to be defrauded by

the forging of the check. The language used in the information is in the language of the statute relating to the forging of an instrument, and it is a general rule that it is sufficient to allege such an offense in an information in the words of the statute, especially where the statute itself names the elements constituting the offense." (p. 772.)

Appellant urgently insists that the trial court erred in submitting the case to the jury where the witnesses called to 'compare the handwriting on the checks with that of defendant were only amateurs instead of experts, and only two of them testified, whereas R. S. 62-1427 not only requires that such witnesses be experts but that there be at least three of them. In support of this proposition appellant cites *State v. Foster*, 30 Kan. 365, 2 Pac. 628, and *State v. Frey*, 111 Kan. 798, 208 Pac. 574. Counsel for the state frankly admit the requirements of R. S. 62-1427 as to the necessity of three expert witnesses, but contend that the rule only applies when such evidence is relied upon entirely to prove the forgery, whereas in this case the record shows evidence along several different lines tending to prove the forgery, as the delivery of letters addressed to Sears, Roebuck & Company, to the mail carrier by the wife of defendant, the orders accompanying the checks, the evidence of defendant and his wife about the receipt of numerous packages of furniture and other articles from mail-order houses and the signing of express weigh bills for some of such articles. So that the testimony of the two supposed experts was not the only evidence as to the genuineness of the signatures on the checks. On this subject it was said in the first paragraph of the syllabus in the case of *State v. Leatherwood*, 129 Kan. 686, 284 Pac. 402:

"The statute (R. S. 62-1427) that when persons of skill, or experts, be called to testify as to the genuineness of a note three witnesses shall be required to prove the fact does not apply when there is other evidence as to the genuineness of the instrument than that of the testimony of the experts."

One of the two witnesses as to comparison of signatures and handwriting was a postmaster and the other a rural mail carrier, both with considerable experience in reading and examining handwriting. In the case of *State v. Nordmark*, 84 Kan. 628, 114 Pac. 1068, it was said:

"If a witness has acquired peculiar knowledge or skill, by experience, observation or practice on a subject with which the mass of mankind is not supposed to be acquainted, he may give his opinion on it." (p. 631.)

We conclude that the testimony of these two witnesses was not

incompetent, although their experience may have been somewhat limited, and although there were only two of them instead of three, when their testimony was not the only evidence tending to prove the forging of the checks.

Appellant complains of the admission of evidence of other forgeries, the possession of forged checks and the goods procured by the use of such, and of the instructions of the trial court as to the extent of the proper consideration of the evidence to show intent of defendant and his usual course of dealing in similar matters. We think the evidence, as shown by the record to have been admitted, and the instructions given on this subject are well within the recognized exception to the general rule concerning the same.

Appellant complains of evidence of defendant signing a waybill by using his Christian name instead of his initials as usual because such was not a similar forgery or a forgery at all. The evident purpose of such admission was not to show intent or custom, but rather to show his handwriting, as witness Shepard said he saw him sign such paper.

The conversation had by the sheriff and county attorney with the wife of the defendant in the absence of the defendant might be incompetent if it had not been substantially repeated by her or the defendant after he joined the group.

We are hardly concerned with the orders and directions given certain officers by the post office department, nor the seizing and removing, rightly or wrongly, of certain property found in the house of the defendant.

Complaint is made of the admission in evidence of the acts done and statements made by the wife of defendant without first showing a conspiracy or concerted action between them. They were jointly charged with the same offense, but because of the request of the defendant he was being tried separately. The evidence of the sheriff, as set out in the counter abstract, shows quite a little of such concerted action and was introduced in connection with and before the most of such evidence of which complaint is made.

Many exhibits are mentioned in the abstracts and briefs, but none are copied or fully described therein, so this court cannot conclude the omission to introduce any particular one was error.

It is suggested that the forgery charges of the information are drawn literally under R. S. 21-616 instead of R. S. 21-608, as in-

structed by the trial court. If so, much work and time has been needlessly spent upon the question of the necessity of the bank on which the checks were drawn being incorporated, as the former section contains no such provision, and it covers only such altering, forging or counterfeiting as "is not hereinbefore declared to be a forgery in some other degree."

Other assignments of error, including the overruling of the motion for a new trial, being fully considered, and those herein before being separately mentioned and treated, are held not to constitute reversible error.

The judgment is affirmed.