No. 45,020

STATE OF KANSAS, *Appellee*, v. JAMES CORDILL TOWNSEND, *Appellant*.

(439 P. 2d 70)

Opinion filed April 6, 1968.

*Robert J. Foster*, of Kansas City, argued the cause and was on the briefs for the appellant.

*Frank D. Menghini*, County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, and *Robert L. Serra*, Assistant County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a conviction of robbery in the first degree.

There is no serious dispute in the facts. At approximately 9:30 a. m. on October 1, 1966, the defendant and James Harold Thompson, whom defendant had known for a long time, entered the Safeway Store at 22nd Street and Quindaro Boulevard, Kansas City, Kansas. The defendant stopped immediately inside the door where he looked through a rack of phonograph records and greeting

cards. Thompson knew and spoke to the girl at the first check-out stand. He then proceeded to check-out stand No. 3 and handed the operator an envelope containing a note. At the time the operator noticed his hand in a pocket holding a gun.

The note read:

"Stop and see, live, money or you, this is a hold-up."

Thompson handed the operator a sack and told her to fill it with money. This she did. Thompson then walked past the first check-out stand carrying the sack, again spoke to his acquaintance and left the building. The manager, hearing a commotion, came to the front of the store, audited the cash register at No. 3 check-out stand and found it short $139.85.

A special police officer in civilian clothing was shopping in the store. He heard someone yell "hold-up," went to the door and saw two men running south at the side of the building. He commandeered an automobile and its driver and arrested the two several blocks from the store. He took them back to the store and turned them over to the city police. He and others returned to the place where the arrest took place and found the sack with the money. The driver of the commandeered automobile, after returning to the vicinity of the store, found Thompson's gun under the seat of the automobile.

The defendant was charged with robbery. At the trial Thompson voluntarily appeared as a witness for the defendant. He testified:

". . . he held up the store in question on his own with no help on the part of Townsend. That Townsend knew nothing of his intention to hold up the store. That this hold-up was never discussed until after the apprehension; that Townsend did not know he had a gun and that they went to the store for the purpose of using the telephone and that his decision to hold up the store was formulated after he was inside the store and that Townsend knew nothing of the intentions or the actual hold up and that Townsend, in no way, counseled, aided or abetted the defendant Thompson in this hold up."

The defendant took the witness stand and testified in his own behalf as follows:

". . . they entered the store to call a cab and that he never went further than immediately inside the front door of the store to the record counter; that he had stepped outside the store by the time Thompson came out; that he heard someone shout 'robbery' and started running and that he ran because he had only recently been released from the penitentiary and that he did not want to get involved.

"He further testified that he knew nothing of the money or the sack it was contained in until he saw Mr. Thompson come out of the door with it in his

hand and that he had never touched any of the Exhibits and that he in no way discussed, counselled, aided or abetted the defendant, Thompson, in this matter and that he was steadily employed at the time this happened and did not need money and that he was in no way involved."

The defendant has appealed from his conviction of robbery in the first degree.

The appellant contends that the court erred in not instructing on accessory after the fact—a lesser offense. He suggests that—

"The defendant testified that he didn't know a robbery was going to take place until after it had been committed and he was being pursued. Fundamental fairness essential to the very concept of justice required giving of such an instruction. . . ."

The contention is without merit.

The offense of being an accessory after the fact as defined by K. S. A. 21-106 is a separate and distinct offense from that of the principal offense and the offense of aiding and abetting as defined by K. S. A. 21-105. Where the information on which the defendant is being tried does not charge an offense under K. S. A. 21-106 an instruction relative to the defendant being an accessory after the fact would be improper and the court's failure to give such an instruction is not error. In *State v. McAlister*, 139 Kan. 672, 33 P. 2d 314, we stated at page 675 of the opinion:

". . . It is not clear just what instruction defendant desired, but if he wanted an instruction under R. S. 21-106, it was properly refused, for an offense thereunder is a separate and distinct offense from that committed by the person who is aided; it does not partake of the nature of the other offense nor is it a degree of it. In *State v. Phillips*, 136 Kan. 407, 15 P. 2d 408, it was said:

" 'It is next contended that the court erred in failing to submit to the jury the offense of accessory after the fact. The offense of being an accessory after the fact is defined by the statute (R. S. 21-106), and is a separate and distinct offense. It is no part of any other offense nor is it any degree of any other offense. (*State v. Stoy*, 117 Kan. 124, 230 Pac. 335.) Consequently it was not included in the crime charged in the information. An instruction concerning an offense that is not charged in the information on which the defendant is being tried is improper, and it is not error for the court to refuse to give such instruction. (*State v. Hobl*, 108 Kan. 261, 194 Pac. 921.) If the evidence was insufficient to support the offense charged in the information or an offense included therein, the defendant should have been discharged. He cannot be tried for an offense not included in the information.' (p. 410.)"

The appellant next contends that the trial court erred in over-ruling the appellant's motion for a directed verdict of acquittal because the state failed to prove the essential elements of the crime.

Again we cannot agree with appellant's contention.

If the evidence tends to disclose that the offense charged was committed and the defendant committed it, the question is for the jury to decide, even though the evidence is weak. (*State v. Goetz*, 171 Kan. 703, 237 P. 2d 246.) We stated in *State v. Dill*, 182 Kan. 174, 319 P. 2d 172, at page 175:

"We will examine the record to determine whether there is an entire absence of substantial evidence proving or tending to prove the essential elements of the crimes charged. If from all of the facts and circumstances disclosed by the evidence the jury might have reasonably drawn an inference of guilt, defendant's motion for discharge was then properly overruled and the verdict of guilty will not be disturbed. (*State v. Long*, 148 Kan. 47, 79 P. 2d 837; *State v. McCoy*, 160 Kan. 150, 160 P. 2d 238; *State v. Osburn*, 171 Kan. 330, 232 P. 2d 451; *State v. Haught*, 180 Kan. 96, 100, 299 P. 2d 573.) In *State v. Goetz*, 171 Kan. 703, 704, 237 P. 2d 246, we stated that if the evidence tended to disclose that the offense charged was committed and the defendant committed it, the question was for the jury to decide, even though the evidence was weak.

"It must also be kept in mind that in criminal prosecutions any of the essential elements of the crime charged may be proved by circumstantial evidence. (*State v. Rhoten*, 174 Kan. 394, 398, 257 P. 2d 141; *State v. Ragland*, 170 Kan. 346, 349, 226 P. 2d 251; *State v. Hupp*, 154 Kan. 410, 118 P. 2d 579.)"

The appellant entered the store with Thompson, the admitted robber, and stood by the door while the robbery was being committed. Thompson's testimony "that his decision to hold up the store was formulated after he was inside the store and that the appellant knew nothing of the intentions" loses its effect when we recall that Thompson was carrying a gun and an envelope containing a note stating—"Stop and see, live, money or you, this is a hold-up." Also, the appellant's statement that he ran because he did not want to get involved loses its force when we recall that the appellant fled from the scene of the robbery with Thompson, after seeing Thompson run from the store with the sack containing the fruits of the robbery in his hand.

Flight may be considered as evidence along with other circumstances of the robbery. (*State v. Grady*, 147 Kan. 268, 76 P. 2d 799; *State v. Hays*, 113 Kan. 588, 215 Pac. 1109.)

A careful examination of the record discloses no trial errors which would require the granting of a new trial.

The judgment is affirmed.

APPROVED BY THE COURT.